Henrik D. Parker (*pro hac vice*), parker@woodcock.com
Steven J. Rocci (*pro hac vice*), rocci@woodcock.com
WOODCOCK WASHBURN LLP
Cira Centre, 12th Floor
2929 Arch Street
Philadelphia, Pennsylvania 19104-2891
Tel: (215) 564-8911/ Fax: (215) 568-439

Edwin A. Oster (072169), eoster@bargerwolen.com
Jenny H. Wang (191643), jwang@bargerwolen.com
BARGER & WOLEN LLP
19800 MacArthur Boulevard, 8th Floor
Irvine, California 92612
Tel: (949) 757-2800 / Fax: (949) 752-6313

Attorneys for Defendants
Dominion Dealer Solutions, LLC,
Autobase, Inc., and 110 Reynolds, Inc.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUTOALERT, INC.,<br><br>Plaintiff,<br><br>vs.<br><br>DOMINION DEALER SOLUTIONS, LLC, AUTOBASE, INC.; and 110 REYNOLDS, LLC,<br><br>Defendants.<br><br>DOMINION DEALER SOLUTIONS, LLC,<br><br>Counterclaimant,<br><br>vs.<br><br>AUTOALERT, INC.,<br><br>Counterdefendant. | Case No.: 8:12-cv-01661-JST-JPR<br><br>Action Filed: 10/01/2012<br><br>**COMBINED NOTICE OF MOTION, JOINT MOTION, AND MEMORANDUM IN SUPPORT OF JOINT MOTION BY DOMINION DEALER SOLUTIONS, LLC, AUTOBASE, INC., AND 110 REYNOLDS, LLC, TO STAY THIS ACTION PENDING RESOLUTION OF INTER PARTES REVIEW PROCEEDINGS BEFORE THE U.S. PATENT & TRADEMARK OFFICE**<br><br>Date: May 10, 2013<br>Time: 2:30 p.m.<br>Crtm.: 10-A<br><br>[Filed Concurrently With:<br>- Declaration of Henrik D. Parker; and<br>- (Proposed) Order.] |

PLEASE TAKE NOTICE that on Friday May 10, 2013, at 2:30 p.m., or as soon thereafter as this matter may be heard in Courtroom 10A of the Honorable Josephine Staton Tucker, located at 411 W. 4th Street, Santa Ana, California 92701, Defendant-Counterclaim Plaintiff Dominion Dealer Solutions, LLC ("Dominion") and Defendants Autobase, Inc., and 110 Reynolds, LLC (collectively "the Dominion Parties") will, and hereby do, move the Court for an order staying all proceedings in this action pending final resolution of proceedings relating to five *inter partes* review petitions currently pending before the United States Patent & Trademark Office.

Set forth below is the Dominion Parties' supporting Memorandum. This Motion is further supported by the accompanying Declaration of Henrik D. Parker with attached exhibits. A (Proposed) Order is also submitted herewith.

This Motion is made following several communications between counsel for the parties to discuss the relief sought by the Dominion Parties, including a telephonic conference of counsel pursuant to L.R. 7-3 on April 1, 2013. Counsel for AutoAlert would not agree to the relief sought by this motion.

DATED: April 2, 2013                    WOODCOCK WASHBURN LLP


By: */s/ Henrik D. Parker*
HENRIK D. PARKER
STEVEN J. ROCCI
Attorneys for Defendants
Autobase, Inc. and 110 Reynolds, LLC and Defendant-Counterclaimant Dominion Dealer Solutions, LLC Attorneys for

**TABLE OF CONTENTS**

I.   STATUS OF THIS ACTION AND THE PENDING PETITIONS FOR *INTER PARTES* REVIEW OF ALL FIVE ASSERTED PATENTS ... 2

II.  THIS ACTION SHOULD BE STAYED UNTIL ALL FIVE OF THE IPR PROCEEDINGS ARE RESOLVED ... 3

   A.  The Legal Standards Favoring Stays Pending Reexaminations ... 5

   B.  The Specific Facts Of This Case Strongly Favor Staying The Action Pending A Determination On The Reexamination Requests And, If The Requests Are Granted, Pending A Final Determination By The PTO ... 7

      1.  This Action Is In Its Infancy, Thus Strongly Favoring Grant Of A Stay ... 7

      2.  Granting A Stay Will Simplify the Issues ... 9

      3.  A Stay Will Not Cause Undue Prejudice or Tactical Disadvantage to AutoAlert, While Denying a Stay May Cause Undue Burden to All ... 12

III. CONCLUSION ... 15

BARGER & WOLEN LLP
19800 MACARTHUR BLVD.
EIGHTH FLOOR
IRVINE, CA 92612
(949) 757-2800

i

# TABLE OF AUTHORITIES

**Cases**

*Anascape, Ltd. v. Microsoft Corp.*,
   475 F. Supp. 2d 612 (E.D. Tex. 2007) ................................................................ 12

*ASCII Corp. v. STD Entm't USA, Inc.*,
   844 F. Supp. 1378 (N.D. Cal. 1994) .................................................................... 6

*Aten In'l Co. v. Emine Tech. Co.*,
   No. 09-cv-0843, 2010 U.S. Dist. LEXIS 46226
   (C.D. Cal. April 12, 2010) ............................................................ 7, 8, 9, 10, 11

*Bausch & Lomb Inc. v. Alcon Lab., Inc.*,
   914 F. Supp. 951 (W.D.N.Y. 1996) .................................................................. 13

*Echostar Techs. Corp. v. TiVo, Inc.*,
   No. 05-cv-81, 2006 U.S. Dist. LEXIS 48431
   (E.D. Tex. July 14, 2006) ...................................................................... 9, 12, 14

*eSoft, Inc. v. Blue Coat Sys., Inc.*,
   505 F. Supp. 2d 784 (D. Colo. 2007) ................................................................ 12

*Ethicon, Inc. v. Quigg*,
   849 F.2d 1422 (Fed. Cir. 1988) ....................................................................... 6, 7

*In re Translogic Tech., Inc.*,
   504 F.3d 1249 (Fed. Cir. 2007) ..................................................................... 13, 14

*Industry Access Inc. v. CoreLogic, Inc.*,
   8:11-cv-00473 (Feb. 28, 2012) .......................................................................... 7, 8

*Inogen, Inc. v. Inova Labs, Inc.*,
   No. SACV 11-1692-JST, 2012 U.S. Dist. LEXIS 144598, 2012 WL
   4748803 (C.D. Cal. Mar. 20, 2012) ............................................................ 7, 8, 11

*Kornit Digital Ltd. V. All Am. Mfg. & Supply Co.*,
   SAVC 09-689 AG 2010 U.S. Dist. LEXIS 48395, *5-*6 (C.D. Cal. Jan. 11,
   2010) ................................................................................................................. 6, 7

*Lincoln Nat'l Life Ins. Co. v. Transamerica Fin. Life Ins. Co.*,
   No. 08-cv-135, 2009 U.S. Dist. LEXIS 35121 (N.D. Ind. April 24, 2009) ....... 12

BARGER & WOLEN LLP
19800 MACARTHUR BLVD.
EIGHTH FLOOR
IRVINE, CA 92612
(949) 757-2800

ii

*Macauto U.S.A. v. BOS GmbH & KG*,
   IPR2012-00004 (PTAB Jan. 24, 2013) ................................................................. 4

*Pegasus Dev. Corp. v. Directv, Inc.*,
   CV-00-1020-GMS, 2003 U.S. Dist. LEXIS 8052
   (D. Del. May 14, 2003) ................................................................................. 11, 12

*Pragmatus AV, LLC v. Facebook, Inc.*,
   No. 11-CV-02168-EJD, 2011 U.S. Dist. LEXIS 117147, 2011 WL 4802958
   (N.D. Cal. Oct. 11, 2011) ..................................................................................... 10

*Semiconductor Energy Lab. Co. v. Chimei Innolux Corp.*,
   2012 U.S. Dist. LEXIS 186322 (C.D. Cal. Dec. 29, 2012).........................*passim*

*Softview Computer Prods. Corp. v. Haworth, Inc.*,
   No. 97-cv-8815, 2000 U.S. Dist. LEXIS 11274 (S.D.N.Y. Aug. 10, 2000)........ 9

*Symantec Corp. v. M86 Security, Inc.*,
   8:10-cv-01513 (April 21, 2011) ............................................................................ 7

*Target Therapeutics, Inc. v. SciMed Life Sys., Inc.*, 33 US.P.Q.2d 2022, 2023
   (1995) .................................................................................................................. 10

*Telemac Corp. v. Teledigital, Inc.*,
   450 F. Supp. 2d 1107 (N.D. Cal. 2006) ............................................................ 6, 7

Tierravision Inc. v. Google, Inc.,
   No. 11cv2170 DMS(BGS), 2012 US. Dist. LEXIS 21463,
   2012 WL 559993, at *3 ...................................................................................... 13

*Translogic Tech., Inc. v. Hitachi, Ltd.*,
   250 Fed. Appx. 988 (Fed. Cir. 2007) ................................................................. 13

**Statutes**

35 U.S.C. § 3JJ(b) ....................................................................................................... 5

35 U.S.C. § 314(b) ...................................................................................................... 3

35 U.S.C. §316(a)(11) ................................................................................................ 3

**Other Authorities**

37 C.F.R. § 42.107(b) ................................................................................................. 3

BARGER & WOLEN LLP
19800 MACARTHUR BLVD.
EIGHTH FLOOR
IRVINE, CA 92612
(949) 757-2800

This action has only just begun. No discovery has been sought, the parties have not conferred on any substantive issue, and the Court's first Scheduling Conference will not even occur until May 17th (D.I. 15).

Late last week, however, Dominion sought *inter partes* review ("IPR") before the Patent Trial and Appeal Board ("PTAB") in the United States Patent & Trademark Office ("PTO") of each of the currently asserted patents-in-suit,[1] seeking orders from the PTAB cancelling all claims of all five patents as unpatentable (*see* Parker Decl. Exhibits A-E).[2] Thus, every claim of every patent in suit (even if the Complaint is amended) is now in dispute at the PTAB.

There is a high likelihood that these IPR proceedings will either moot this case entirely (by concluding that the Patents should never have issued) or at least substantially affect the substantive course of this litigation because the central issues – i.e., the validity, scope, and infringement of the Patents – will be directly impacted by the outcome of the IPRs. Consequently, allowing resolution of the IPRs prior to further proceedings in this action will almost certainly result in efficiencies for both the Court and the parties.

Thus, for all of the reasons set forth in this Court's decision in *Semiconductor Energy Lab. Co. v. Chimei Innolux Corp.*, 2012 U.S. Dist. LEXIS 186322 (C.D. Cal. Dec. 29, 2012), and more, this action should be stayed pending resolution of the five IPRs before any further effort is expended by the parties or the Court.

---

[1] The fifth patent – U.S. Patent No. 8,396,791 – is not yet a part of this action, but plaintiff AutoAlert, Inc. ("AutoAlert") has moved for leave to add assertion of that patent against the Dominion Parties to its Complaint in this action (D.I. 20).

[2] In order not to overburden the Court, the Dominion Parties submit as exhibits here only the actual petitions as filed and the expert declaration of Ward Hanson, PhD, without all of their attached exhibits (which include, for example, references relied upon by Dr. Hanson and detailed claim charts applying the prior art to the claims of the patents), as those additional papers constitute thousands of pages. Should the Court be interested in seeing these additional papers, the Dominion Parties will immediately provide them.

## I. STATUS OF THIS ACTION AND THE PENDING PETITIONS FOR *INTER PARTES* REVIEW OF ALL FIVE ASSERTED PATENTS

On Oct. 1, 2012, without any prior notice, AutoAlert filed its Complaint alleging infringement of four patents – U.S. Patent No. 7,827,099, U.S. Patent No. 8,005,752, U.S. Patent No. 8,086,529, and U.S. Patent No. 8,095,461 (D.I. 1). The Complaint, however, was not served on the defendants until more than two and a half months later on January 17, 2013 (D.I. 6 and 7). AutoAlert has not sought any form of preliminary relief.

The Dominion Parties filed their Joint Answer on February 7th (D.I. 10) and Dominion Dealer Solutions filed Counterclaims that same day (D.I. 13). AutoAlert filed its Answer to the Counterclaims on February 27th (D.I. 14).

On February 28th, the Court issued an Order Setting Scheduling Conference For May 17, 2013 (D.I. 15).

On March 21st, AutoAlert filed a Motion For Leave To File A First Amended Complaint to assert a fifth patent – U.S. Patent No. 8,396,791 (the five patents collectively "the Patents") (D.I. 20).

Consequently, this case has only just begun. The parties have not exchanged any discovery and no depositions have been taken or scheduled. No subpoenas have been served and no third party discovery has been initiated. There are no discovery disputes. There is no protective order entered by the Court. The parties have not started any work towards construing the claims of the patents for the Court and the Court has not scheduled any briefing or hearings for that matter. A trial date has not been set.

Conversely, late last week (March 28th), Dominion filed five separate petitions for *inter partes* review – one for each of the five Patents – with the PTAB (Parker Decl. Exhs. A-E). Each petition seeks cancellation of all claims of the particular patent on multiple grounds. Moreover, the five Patents are related in that they all

share a common specification and, thus, issues of their scope and validity are likely to overlap. It is significant that the primary reference forming the basis for Dominion's IPR requests was not before the PTO during the original examination of the applications leading to four of the patents. As to the fifth patent, while the prosecution history reveals that the primary reference of the IPR petition was made of record after a Notice of Allowance, it is also clear that no proper consideration was given to that reference, despite the fact that the reference anticipates most of the claims of the fifth patent (and, indeed, all of the other four patents) (Parker Decl. Exh. H at ¶¶18-19; 82; 114; 121).

Decisions as to whether or not to institute full IPR proceedings on the five IPR petitions should issue no later than September 28, 2013, and the final rulings on any such instituted IPRs would normally be reached no later than September 28, 2014.[3]

## II. THIS ACTION SHOULD BE STAYED UNTIL ALL FIVE OF THE IPR PROCEEDINGS ARE RESOLVED

This Court has recently considered the exact issue presented by this motion and concluded that a stay was entirely appropriate. *Semiconductor Energy Lab. Co. v. Chimei Innolux Corp.*, SACV 12-21-JST (JPRx), 2012 U.S. Dist. LEXIS 186322 (C.D. Cal. Dec. 29, 2012). The reasoning of that decision fully applies here and, in fact, the circumstances of the present action are substantially more favorable to the

---

[3] By statute, IPR proceedings are typically concluded within 18 months of the filing of a petition. No later than three months after the notification that a request for IPR has been given a filing date, the patent owner may file a preliminary response. 37 C.F.R. § 42.107(b). The Director will then determine whether or not to institute an IPR within three months after: (1) receiving the patent owner's preliminary response; or (2) if the patent owner chooses not to file a preliminary response, the last date on which such a response could have been filed. 35 U.S.C. § 314(b). The Board will issue a final determination no later than one year after the IPR is instituted, except that the time for final determination may be extended by six months for good cause. 35 U.S.C. §316(a)(11).

granting of a stay than those present when this Court granted a stay in *Semiconductor Energy Lab.*

For example, whereas in *Semiconductor Energy Lab.* the IPR petitions were not filed until many months after the case was joined and after several case activities had already occurred, here there has been no such delay. In contrast to *Semiconductor Energy Lab.* where a trial date had been set and it was argued that "while discovery is not complete, both sides have expended considerable resources in moving toward that point." *Id.*, 2012 U.S. Dist. LEXIS 186322 at *4 (quoting plaintiff) – this litigation is in its very early stages. None of the parties have invested any time or resources in the discovery process, the Court has not been briefed on any proposed claim constructions, no substantive motions have been filed by either party, and no trial date has been set.

Given PTO historical data, and the fact that IPR petitions have been granted based on art and combinations of art that <u>were</u> substantively considered during prosecution (*see, e.g., Macauto U.S.A. v. BOS GmbH & KG*, slip op. IPR2012-00004 (PTAB Jan. 24, 2013)),[4] it is extremely likely that at least one, and likely all five of the IPR requests will be granted.[5] In that event, the IPRs will undoubtedly simplify or resolve several central issues of this case. If the PTO rejects the claims, there will be no valid claims for the AutoAlert to assert as being infringed, and thus the case

---

[4] The Board stated:
> In summary, we are not required by statute to reject a Petition based upon the fact that certain arguments or art were previously considered by the Office, and after reviewing the reexamination, we decline to do so in this case. See 35 U.S.C. § 325(d) (quoted supra). The record before us is not the same as that previously before the Office, and we are in any event not persuaded by the declarations previously submitted in the reexamination that apparently determined the outcome.

*Id.* at p.19.

[5] As a point of reference, as of late 2010, 96% of *inter partes* reexamination requests under the prior PTO procedures were being granted. Moreover, 47% of the patent claims that are reexamined end up being canceled, with an additional 42% of claims being changed. *See* http://ptolitigationcenter.com/resources/uspto/.

will end.  If the claims are amended, at a minimum, AutoAlert's assertions of past infringement may be eliminated, also eliminating past damages.

Conversely, if Autoalert succeeds in maintaining its patent claims after resolution of the IPR proceedings, then the statutory estoppel provisions will apply and at least certain efficiencies before this Court will be realized as a result.

In fact, any IPR will directly impact all aspects of the case, including the scope of discovery, infringement, claim construction, and validity, and will focus the parties on the true issues in this case.  Therefore, the outcome of the IPRs will simplify the case for both the Court and the parties.

Nor will granting a stay burden or prejudice AutoAlert.  AutoAlert filed its Complaint years after issuance of the first patent that it now asserts is infringed.[6]  Moreover, AutoAlert then delayed serving the Complaint, waiting almost the entirety of the maximum 120 days allowed.  It has never alleged any need for preliminary relief.  Thus, any delay due to staying the case for IPR will be no more burdensome or prejudicial to AutoAlert as its own delays in pursuing this action.

**A.    The Legal Standards Favoring Stays Pending Reexaminations**

As discussed by this Court previously:

"Any person at any time may file a request for reexamination by the [USPTO] of any claim of a patent on the basis of any prior art," 35 US. C. § 302, and "[a] petitioner in an inter partes review may request to cancel as unpatentable 1 or more claims of a patent only on a ground that could be raised under section 102 or 103 and only on the basis of prior art consisting of patents or printed publications." 35 U.S.C. § 311(b). A district court has the discretion to stay judicial

---

[6] The 009 Patent issued Nov. 2, 2010.  The other four patents issued over the course of the last two and a half years:  the 752 Patent issued Aug. 23, 2011, the 529 Patent issued Dec. 27, 2011, the 461 Patent issued Jan. 10, 2012, and the 791 patent issued March 12, 2013.

proceedings pending reexamination of a patent. *See Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988). Courts consider three factors in determining whether to grant a stay pending reexamination: "(1) whether discovery is complete and whether a trial date has been set; (2) whether a stay will simplify the issues in question and trial of the case; and (3) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party." *Telemac Corp. v. Teledigital, Inc.*, 450 F. Supp. 2d 1107, 1111 (N.D. Cal. 2006). There is a "liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination or reissuance proceedings." *ASCII Corp. v. STD Entm't USA, Inc.*, 844 F. Supp. 1378, 1381 (N.D. Cal. 1994).

*Semiconductor Energy Lab.*, 2012 U.S. Dist. LEXIS 186322 at *3-*4 (footnote omitted).[7] Significantly, this Court also noted that there "was no reason why the three factor assessment would not still be relevant" under the new *inter partes* review process. *Id.*, at *4 n.1.

> Courts favor the granting of a stay because of the: simplification of litigation that might result from the cancellation, clarification, or limitation of claims, and, even if the reexamination did t lead to claim amendment or cancellation, it could still provide valuable analysis to the district court, which it could consider in reaching its determination.

---

[7] As to the liberal policy in favor of granting motions to stay proceedings pending the outcome of a reexamination in the PTO and the application of the three part test, *see also Aten In'l Co. v. Emine Tech. Co.*, No. 09-cv-0843, 2010 U.S. Dist. LEXIS 46226, *20-*21 (C.D. Cal. April 12, 2010); *Kornit Digital Ltd. V. All Am. Mfg. & Supply Co.*, SAVC 09-689 AG 2010 U.S. Dist. LEXIS 48395, *5-*6 (C.D. Cal. Jan. 11, 2010).

*Ethicon Inc.*, 849 F.2d at 1428.  Granting a stay is particularly appropriate in the early stages of a litigation – like here – when little or no discovery has begun.  *Aten In'l Co.*, 2010 U.S. Dist. LEXIS 46226, at *20; *Kornit Digital Ltd.*, 2010 U.S. Dist. LEXIS 48395, at *5.

## B. The Specific Facts Of This Case Strongly Favor Staying The Action Pending A Determination On The Reexamination Requests And, If The Requests Are Granted, Pending A Final Determination By The PTO

Each of the three factors used by this Court to consider whether granting a stay is proper weighs heavily in favor of granting a stay in this action.  In fact, this Court (Judge Tucker) itself has repeatedly granted stays pending the outcome of reexamination in cases with facts similar to the current case, and even in cases that were procedurally further along in litigation than the current case.  *See, e.g., Industry Access Inc. v. CoreLogic, Inc.*, 8:11-cv-00473 (Feb. 28, 2012, Order – Parker Decl. Exh. F); *Inogen, Inc. v. Inova Labs, Inc.*, SACV 11-1692-JST,  2012 U.S. Dist. LEXIS 144598 (C.D. Cal. Mar. 20, 2012); and *Symantec Corp. v. M86 Security, Inc.*, 8:10-cv-01513 (April 21, 2011, Order – Parker Decl. Exh. G).

### 1. This Action Is In Its Infancy, Thus Strongly Favoring Grant Of A Stay

The first factor that courts consider in determining whether to grant a stay is the stage of litigation, in particular "whether discovery is complete and whether a trial date has been set." *Aten Int'l Co.*, 2010 U.S. Dist. LEXIS 46226, at *20 (citing *Telemac Corp. v. Teledigital, Inc.*, 450 F. Supp. 2d 1107, 1111 (N.D. Cal. 2006)).  This factor weighs in favor of a stay when the case is in the early stages of litigation. *Aten Int'l Co.*, 2010 U.S. Dist. LEXIS 46226 at *20.

In keeping with the logic of this factor, this Court has repeatedly granted stay motions pending reexamination proceedings when actions were comparatively young. *See, e.g., Symantec Corp.*, 8:10-cv-01513 (motion filed Jan. 31, 2011; April 21, 2011,

Order – Parker Decl. Exh. G – at 2) ("the Court has yet to set dates for discovery, pre-trial motions, or trial, and the only discovery that has occurred thus far has been the parties' exchange of initial disclosures pursuant to Rule 26(f)"); *Inogen, Inc.*, 8:11-cv-01692 (motion filed Feb. 17, 2012; Order issued March 20, 2012 - *Inogen*, 2012 U.S. Dist. LEXIS 144598) (defendant's Motion stating that Inogen had not sought a preliminary injunction, no discovery had been issued, no discovery was exchanged, no depositions were taken or scheduled, no subpoenas were severed, no protective orders were entered, the parties had not started work on claim construction nor had the Court schedule claim construction briefings or hearings, and no trial date was set, and the Court granting the stay despite the fact that "the parties just conducted their initial Rule 26(f) conference on February 23, 2012"); *see also Industry Access*, 8:11-cv-00473 (motion filed Dec. 15, 2011; Feb. 28, 2012, Order – Parker Decl. Exh. F) (parties' joint stipulation to stay proceedings granted despite the fact that the parties had exchanged initial disclosures, and a trial date was set by the court, as no significant discovery had taken place).

In *Semiconductor Energy Lab.*, this Court found that this factor weighed in favor of a stay pending a series of the new IPR proceedings even though the case was "not in its infancy," as a trial date had been set and the parties had "expended considerable resources" on discovery. 2012 U.S. Dist. LEXIS 186322 at *5.

By contrast, this action is in its infancy. No documents have been sought or produced, no depositions have been taken, discovery has yet to start, no expert discovery has been started, no summary judgment or other substantive motions have been filed, claim construction has neither been briefed nor argued, and no trial date has been set.[8] Moreover, whenever these various activities actually do begin, the

---

[8] Other courts, both in this district and elsewhere, have granted stays at even later stages. For example, in *Aten*, at the time of the motion to stay, four sets of interrogatories, a request for document production, and the infringement contentions were served between the parties. 2010 U.S. Dist. LEXIS 46226 at *21. Additionally,

results of the IPRs will almost certainly impact all of these areas and will impact the scope of discovery, the party's infringement and validity contentions, claim construction, and will focus the parties on the true issues in this case.

Further, while the parties have not yet incurred significant costs, they will soon begin spending considerable time, money, and other valuable resources if no stay is granted when discovery and other litigation activity swing into action. Reexamination provides "an inexpensive, expedient means of determining patent validity which, if available and practical, should be deferred to by the courts . . . especially where the infringement litigation is in its early stages." *Softview Computer Prods. Corp. v. Haworth, Inc.*, No. 97-cv-8815, 2000 U.S. Dist. LEXIS 11274, at *11 (S.D.N.Y. Aug. 10, 2000) (granting stay pending PTO's determination on reexamination; internal citations omitted). It "would be an egregious waste of both the parties' and the Court's resources if the *Markman* and summary judgment proceedings went forward and the claims were subsequently declared invalid or were amended as a result of the reexamination proceeding." *Echostar Techs. Corp. v. TiVo, Inc.*, No. 05-cv-81, 2006 U.S. Dist. LEXIS 48431, at *20 (E.D. Tex. July 14, 2006).

This case is a prime example of the type of case that should be stayed pending a reexamination. Very little has been done, and the potential for future costs is very high. The first factor heavily favors granting a stay.

### 2. Granting A Stay Will Simplify the Issues

The substantive situation here is very similar to that in *Semiconductor Energy Lab.*:

---

subpoenas had been served on third parties for document production and a trial date was set. *Id.* There were, however, no depositions, expert discovery, or claim constructions. *Id.* at *22. Based on that status, the court found that the litigation was in its early stages, and that this factor favored a stay. *Id.*

"[W]aiting for the outcome of the reexamination could eliminate the need for trial if the claims are cancelled or, if the claims survive, facilitate trial by providing the court with expert opinion of the [US]PTO and clarifying the scope of the claims." *Target Therapeutics, Inc. v. SciMed Life Sys., Inc.*, 33 US.P.Q.2d 2022, 2023 (1995). This is particularly true where, as here, a party has requested reexamination of each of the patents-in-suit, and SEL asserts claims only for patent infringement against Defendants. *See Pragmatus AV, LLC v. Facebook, Inc.*, No. 11-CV-02168-EJD, 2011 U.S. Dist. LEXIS 117147, 2011 WL 4802958, at *3 (N.D. Cal. Oct. 11, 2011) (staying action pending *inter partes* reexamination in part because defendant's request for reexamination included all claims at issue in the litigation).

*2012* U.S. Dist. LEXIS 186322 at *5-*6.  As in *Semiconductor Energy Lab.*, IPR has been requested for all of the patents in suit and the only causes of action stem directly from those patents.[9]

Because such a significant percentage of patents being reexamined change in some way, "the Court risks enabling futile litigation that may have to be repeated if the patent changes. The Court cannot ignore this possibility." *Aten*, 2010 U.S. Dist. LEXIS 46226 at *23.  Courts have found that staying litigation pending a reexamination is efficient for numerous reasons, including:

(i)  gaining the benefit of the PTO's expertise;
(ii) alleviating discovery problems related to the prior art;
(iii) reducing the complexity and length of trial by relying on the record of the reexamination;

---

[9] Also as in *Semiconductor Energy Lab.*, certain defendants are not named on the IPR petitions, but by this pleading, unnamed petitioners Autobase, Inc. and 110 Reynolds, LLC agree to be bound to the same extent as Dominion by the results of those IPR proceedings.

  (iv) limiting the issues, defenses, and evidence;

  (v) possibly encouraging settlement; and

  (vi) the possible dismissal of the suit if the patent is declared invalid.

*Id. Pegasus Dev. Corp. v. Directv, Inc.*, CV-00-1020-GMS, 2003 U.S. Dist. LEXIS 8052, *5-6 (D. Del. May 14, 2003).

  In this case, all of the listed benefits listed will come to fruition with a stay. The Court will be able to rely upon the expertise of the PTO in these matters. The PTO employs trained experts who can objectively evaluate the Reexamined Patents and the prior art asserted in the reexaminations. These experts understand the technology (without the assistance of subjective experts from the litigation), are experienced in determining whether the prior art invalidates any of the asserted claims, and can complete the invalidity analysis in a more cost effective and efficient manner than the Court.

  Moreover:

> As this Court has previously noted, the amended standards for granting *inter partes* review probably results in an even higher likelihood than under the prior standard that the issues in this action will be simplified by the reexamination. *See Inogen, Inc. v. Inova Labs, Inc.*, No. SACV 11-1692-JST (ANx), 2012 U.S. Dist. LEXIS 144598, 2012 WL 4748803, at *3 (C.D. Cal. Mar. 20, 2012). On the other hand, if the USPTO rejects the *inter partes* requests, the stay will be relatively short. Therefore, this factor weighs in favor of a stay.

*Semiconductor Energy Lab.*, 2012 U.S. Dist. LEXIS 186322 at *7.

  This Court and the parties will also benefit from the reexamination outcome even if any of the claims are found to be valid by the PTO. Specifically, the PTO's decision will focus and simplify issues and alleviate discovery issues, and encourage settlement because the parties will better understand the invalidity issues.

Therefore, the outcome of the reexamination will simplify the case for both the Court and the parties, saving both judicial time and resources.  In short, "[i]t is virtually undeniable that a stay followed by a PTO reexamination will simplify the issues in the case and streamline the proceedings." *Lincoln Nat'l Life Ins. Co. v. Transamerica Fin. Life Ins. Co.*, No. 08-cv-135, 2009 U.S. Dist. LEXIS 35121, at *11 (N.D. Ind. April 24, 2009); *see also eSoft, Inc. v. Blue Coat Sys., Inc.*, 505 F. Supp. 2d 784, 787 (D. Colo. 2007) ("the specialized expertise the PTO can bring to bear on the question whether prior art undermines the validity of the patent's claims would unquestionably help this court resolve plaintiff's case expeditiously, efficiently, and—most importantly—correctly"); *Echostar Techs.*, 2006 U.S. Dist. LEXIS 48431, at *9 (an "*inter partes* reexamination can have no other effect but to streamline ongoing litigation); *Anascape, Ltd. v. Microsoft Corp.*, 475 F. Supp. 2d 612, 615 (E.D. Tex. 2007) (reexamination proceedings streamline litigation "in an efficient and relatively inexpensive manner").

The IPRs will undoubtedly simplify this case because their very purpose is to clarify the claims of the patents at issue and whether or not they are even assertable.

### 3. A Stay Will Not Cause Undue Prejudice or Tactical Disadvantage to AutoAlert, While Denying a Stay May Cause Undue Burden to All

The third factor courts address is whether or not a stay will cause undue prejudice or tactical disadvantage to the non-moving party.

Here, the clear and obvious advantage to all concerned of the Court issuing a stay at this point in the case is the added overall efficiency to the case.

AutoAlert has sought no preliminary relief and has itself delayed the current proceedings, waiting almost the entirety of the maximum 120 days to serve its complaint on Dominion.  It cannot reasonably assert now that waiting 12-15 months for the results of the IPRs will cause it undue prejudice.  AutoAlert should not now be able preclude the Dominion Parties' legal right to invoke reexamination through the

same statutory framework that awarded AutoAlert its patent rights in the first place. *Pegasus Dev. Corp.*, 2003 U.S. Dist. LEXIS 8052, at *7-8 ("[T]he court reminds the plaintiffs that they affirmatively invoked the rights of the patent statute; they can hardly be heard now to complain of the rights afforded others by that same statutory framework.")

Any delay due to staying the case for reexamination will be no more burdensome or prejudicial on AutoAlert as their own delays in pursuing this action. Moreover, with *inter partes* reviews, AutoAlert will not be prejudiced in its ability to defend itself since it will be a full participant in those IPR proceedings.[10]

At the same time, if the requested stay is denied and the litigation proceeds parallel to the IPRs, there is a considerable likelihood that significant aspects of the case may have to be re-litigated after the claims are modified; or, if all of the Patents are cancelled during the IPRs, the entire case would be unnecessary. *Bausch & Lomb Inc. v. Alcon Lab., Inc.*, 914 F. Supp. 951, 953 (W.D.N.Y. 1996) (if "this Court were to deny the stay and proceed to trial, it is possible that the time, resources, and significant efforts of all those involved in such a trial would be wasted").

For example, in *In re Translogic Tech., Inc.*, 504 F.3d 1249 (Fed. Cir. 2007), and *Translogic Tech., Inc. v. Hitachi, Ltd.*, 250 Fed. Appx. 988 (Fed. Cir. 2007), a request for reexamination of the patent-there-in-suit was granted while an infringement action was pending. The district court went to trial in parallel with the reexamination proceedings. *Translogic*, 504 F.3d at 1251. In the litigation, the jury upheld the patent as valid, the district court granted summary judgment of infringement, and then empanelled a second jury, which jury awarded $86.5 million in damages to the patent owner. *Id.* In the parallel reexamination proceeding,

---

[10] Notably, "Courts have held that 'the mere fact and length of any delay ... does not demonstrate prejudice sufficient to deny [a] request for a stay.' *Semiconductor Energy Lab.*, 2012 U.S. Dist. LEXIS 186322 at *8, *citing Tierravision Inc. v. Google, Inc.*, No. 11cv2170 DMS(BGS), 2012 US. Dist. LEXIS 21463, 2012 WL 559993, at *3.

however, the PTO invalidated the patent-in-suit rendering moot the findings of the court and jury, the monetary award decided by the jury, as well as the hard work of the court, jury, and all others involved in the litigation. *Id.* If the Court denies the motion to stay, it risks a similar outcome, which can easily be avoided.

  In other words, if the Court allows this case to move forward with respect to patents being reexamined by the PTO, then the Court is taking a substantial risk relating to its own judicial economy. The IPRs could easily (in the Dominion Parties' view: likely) result in cancellation of all of the Patents, and will likely at least affect their breadth, scope and interpretation. It would be inefficient to construe the terms of the Patents, and then expend time, energy and resources to litigate them while the IPRs continue. In other words, litigating the Patents, when their claims and terms will likely change due to the IPRs, makes little sense. *See Echostar*, 2006 WL 2501494, at *4 ("It would be an egregious waste of both the parties' and the Court's resources if the *Markman* and summary judgment proceedings went forward and the claims were subsequently declared invalid or were amended as a result of the reexamination proceeding").

## III. CONCLUSION

Because this case has just begun, the five IPR proceedings will simplify the issues regarding validity and infringement, and neither party will be unduly burdened or prejudiced, a stay is appropriate. This Court should enter an Order staying the present litigation: (a) until the PTO decides whether or not to grant the pending IPR requests; and (b) if one or more of those requests are granted, until any such IPRs are finally resolved.

DATED: April 2, 2013           WOODCOCK WASHBURN LLP

By: */s/ Henrik D. Parker*
HENRIK D. PARKER
STEVEN J. ROCCI

Attorneys for Defendants Autobase, Inc. and 110 Reynolds, LLC and Defendant-Counterclaim Plaintiff Dominion Dealer Solutions. LLC