Craig S. Summers (SBN 108,688)
craig.summers@knobbe.com
David G. Jankowski (SBN 205,634)
david.jankowski@knobbe.com
Cheryl T. Burgess (SBN 250,101)
cheryl.burgess@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA 92614
Telephone: (949) 760-0404
Facsimile: (949) 760-9502

Attorneys for Plaintiff/Counterdefendant
**AUTOALERT, INC.**

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUTOALERT, INC., <br><br> Plaintiff, <br><br> v. <br><br> DOMINION DEALER SOLUTIONS, LLC; AUTOBASE, INC.; and 110 REYNOLDS, LLC, <br><br> Defendants. <br><br> AND RELATED COUNTERCLAIMS | SACV12-01661 JLS (JPRx) <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF AUTOALERT, INC.'S MOTION TO LIFT STAY** <br><br> **Date: January 31, 2014** <br> **Time: 2:30 p.m.** <br> **Ctrm: 10A** <br><br> The Hon. Josephine L. Staton |

# TABLE OF CONTENTS

**Page No.**

I. INTRODUCTION ................................................................................................ 1

II. STATEMENT OF FACTS ................................................................................. 2

    A. Procedural Posture ................................................................................ 2

        1. Defendants' Motion To Stay .................................................. 2

        2. The Court's Order Granting A Stay ...................................... 2

    B. The Patent Office's Review of Dominion's IPR Petitions ............... 3

    C. Dominion's Requests For Rehearing ................................................. 3

    D. AutoAlert's Attempts To File A Joint Status Report and Lift the Stay ............................................................................................ 4

    E. AutoAlert's Related Lawsuit Against DealerSocket ....................... 5

III. The Court Should Lift The Stay .................................................................... 5

    A. Dominion's Virginia Action Is Forbidden By Statute ..................... 5

    B. Dominion's Writ Of Mandamus Lacks Merit .................................. 6

    C. Dominion Has Exhausted All Pending IPR Proceedings, Including Permissible Appeals ........................................................... 8

IV. CONCLUSION .................................................................................................. 9

## **TABLE OF AUTHORITIES**

**Page No(s).**

*Kerr v. U. S. Dist. Ct.*,
    426 U.S. 394 (1976) ............................................................................... 6–7

*In re TS Tech USA Corp.*,
    551 F.3d 1315 (Fed. Cir. 2008) ................................................................. 6

*Versata Dev. Corp. v. Rea et al.*,
    No. 1:13–cv–328, 2013 WL 4014649 (E.D. Va. Aug. 7, 2013) ................. 6

## **OTHER AUTHORITIES**

35 U.S.C. § 314.......................................................................................... 1, 3, 6

35 U.S.C. § 324................................................................................................ 6

37 C.F.R. § 42.71............................................................................................. 3

## I. INTRODUCTION

This case has been stayed since May 2013. The Court stayed the case pending the exhaustion of all pending IPR proceedings, including any appeals, based on Defendant Dominion Dealer Solutions' five petitions for *inter partes* review of AutoAlert's patents-in-suit. In August 2013, the Patent Office denied all five IPR petitions. In October 2013, the Patent Office denied Dominion's five requests for reconsideration. By statute, the Patent Office's decisions are "final and nonappealable." 35 U.S.C. § 314(d).

The Patent Office proceedings challenging AutoAlert's patents have come to an end, and the stay should be lifted. Lifting the stay now also would comport with the Court's views at the time it ordered the stay: "[i]f the USPTO does not grant any of the requests for reexamination, the stay will be in place no longer than three months." (Docket No. 41 at 6.)

Defendants have declined to jointly seek a lifting of the stay, contending that they are entitled to further "appeal" the denial of the IPR petitions. In October 2013, Dominion filed a lawsuit in the U.S. District Court for the Eastern District of Virginia seeking an order directing the Patent Office to reverse its decisions and institute *inter partes* review of AutoAlert's patents. In November 2013, Dominion filed a petition for writ of mandamus in the U.S. Court of Appeals for the Federal Circuit seeking essentially the same relief.

Both of these legal actions are doomed to failure and do not justify maintaining the stay. The Virginia lawsuit is prohibited by 35 U.S.C. § 314(d), and the district court should dismiss it at the pleading stage. The petition for writ of mandamus is also unlikely to succeed; to obtain this extraordinary relief Dominion must establish a clear and indisputable right to the writ and that it has no other adequate means to attain the relief sought. It is apparent that these legal actions are delay measures designed to excuse Dominion from joining AutoAlert in informing the Court of the denials of the IPRs and requesting a lift of the stay.

The stay should also be lifted to promote judicial efficiency, because lifting the stay would allow the present litigation to proceed on a harmonized schedule with AutoAlert's related lawsuit against DealerSocket—now presided over by Hon. S. James Otero—which involves the same five patents-in-suit.

## II. STATEMENT OF FACTS

### A. Procedural Posture

AutoAlert's First Amended Complaint asserts infringement of five U.S. patents owned by AutoAlert. (Docket No. 35.) Defendants filed a Joint Answer to the Amended Complaint (Docket No. 36) and an Amended Counterclaim for Declaratory Judgment of invalidity and noninfringement (Docket No. 37).

#### 1. Defendants' Motion To Stay

On April 2, 2013, Defendants filed a motion to stay pending the outcome of five IPR petitions filed by defendant Dominion Dealer Solutions, LLC. (Docket No. 23.) The focus of the motion was the five IPR petitions:

> Because this case has just begun, the five IPR proceedings will simplify the issues regarding validity and infringement, and neither party will be unduly burdened or prejudiced, a stay is appropriate. This Court should enter an Order staying the present litigation: (a) until the PTO decides *whether or not to grant* the pending IPR requests; and (b) *if one or more of those requests are **granted***, until any such IPRs are finally resolved.

(*Id* at 20 (emphases added).)

#### 2. The Court's Order Granting A Stay

On May 22, 2013, the Court granted the motion to stay. (Docket No. 41.) The Court reasoned, in part, that "[i]f the USPTO does not grant any of the requests for reexamination, the stay will be in place no longer than three months." (*Id*. at 6.)

The Court considered, and decided, the length of the stay: "pending final

exhaustion of all pending IPR proceedings, including any appeals." (*Id*.)  The Court clarified that the stay would not be lifted following the issuance of an appealable decision, but rather after a final determination that includes any subsequent appeals.  (*Id*. at 6, fn. 5.)

The Court also provided instructions for the parties to follow after the conclusion of the Patent Office's review of AutoAlert's patents: "The parties shall file a joint status report within ten (10) days after the conclusion of the reviews informing the Court of the USPTO's decisions and, if applicable, requesting the Court to lift the stay." (*Id.* at 6.)

### B. The Patent Office's Review of Dominion's IPR Petitions

On August 12, 2013, the Patent Office issued a decision denying Dominion's IPR petition directed at U.S. Patent No. 7,827,099 (the "'099 patent"). (Summers Decl., Ex. 1.)  Three days later, the Patent Office denied Dominion's IPR petitions directed at the other four patents. (*Id*., Exs. 2–5.)  For each petition, the Patent Office concluded that the information presented by Dominion failed to establish a reasonable likelihood that Dominion would prevail in showing that any claim in the patent was unpatentable.

### C. Dominion's Requests For Rehearing

When creating the IPR procedures, Congress specified that "[t]he determination by the [Patent Office] Director whether to institute an inter partes review under this section shall be final and nonappealable." 35 U.S.C. § 314(d). Instead of an appeal, the Code of Federal Regulations provides that a petitioner or patentee "dissatisfied with a decision may file a request for rehearing[.]" 37 C.F.R. § 42.71(d).  That request must be filed within 30 days of the entry of a final decision or a decision not to institute trial. *Id*.  Thirty days after the entry of the five decisions not to institute trials against AutoAlert's patents, Dominion filed requests for rehearing on each of its petitions.

On October 10, 2013, the Patent Office denied all of Dominion's requests

for rehearing. (Summers Decl., Exs. 6–10.) For each request, the Patent Office concluded it had properly assessed the information presented in Dominion's IPR petition and had not abused its discretion in declining to institute *inter partes* review of the patent.

### D. AutoAlert's Attempts To File A Joint Status Report and Lift the Stay

In August 2013, promptly after receiving the Patent Office's decisions denying Dominion's IPR petitions, AutoAlert requested that Defendants join it in submitting a joint status report to inform the Court of the Patent Office's decisions and to request a lifting of the stay. (Summers Decl. ¶ 12; Ex. 11.) Defendants declined the request as premature, stating that Dominion was considering whether to file requests for rehearing. (*Id*.)

In October 2013, promptly after receiving the Patent Office's denials of Dominion's requests for rehearing, AutoAlert again requested that Defendants join it in submitting a joint status report. (Summers Decl. ¶ 13; Ex. 12.) Defendants again responded that it was premature to do so, as they believed that all appeals were not yet exhausted because Dominion had filed a Complaint against the Acting Director of the U.S. Patent Office in the U.S. District Court for the Eastern District of Virginia appealing the denial of Dominion's IPR petitions. (*Id*.) The Virginia lawsuit relies on the Administrative Procedure Act to challenge the Patent Office's decisions not to institute *inter partes* review of AutoAlert's patents. (*Id*. ¶ 14; Ex. 13.)

On November 5, 2013, counsel for AutoAlert and counsel for Defendants conducted a telephonic conference of counsel under Local Rule 7-3 on the present motion to lift the stay. During that conference of counsel, Defendants stated their position that Dominion's lawsuit against the Patent Office is a proper "appeal" that justifies maintaining the stay. (Summers Decl. ¶ 15.) Defendants further intimated that Dominion would appeal to the Federal Circuit any unfavorable decision by the Eastern District of Virginia. (*Id*.)

On November 25, 2013, Dominion filed a petition for writ of mandamus in the Federal Circuit seeking to vacate the Patent Office's decisions, to remand those decisions to the Patent Office with instructions to institute IPR trials on each, and to clarify the standard for granting IPR petitions so that the alleged "abuses" that occurred with respect to the Dominion IPR petitions are not repeated when considering other IPR petitions. (Summers Decl. ¶ 16, Ex. 14.) AutoAlert and the Patent Office have been directed to file a response to Dominion's mandamus petition. (*Id.* ¶ 17.)

### E. AutoAlert's Related Lawsuit Against DealerSocket

Also pending before this Court is AutoAlert's related lawsuit, *AutoAlert v. DealerSocket* (SACV 13-00657 SJO (JPRx)), which involves the same five asserted patents. The *DealerSocket* case was originally presided over by the Honorable Josephine L. Staton, but due to self-recusal it was reassigned to the Honorable S. James Otero. AutoAlert has filed a motion for preliminary injunction against DealerSocket, and a hearing on that motion is set for January 13, 2013. A scheduling conference in the *DealerSocket* case is set for February 3, 2013. (Summers Decl. ¶¶ 18–20.)

## III.  THE COURT SHOULD LIFT THE STAY

The Patent Office considered and denied each of Dominion's IPR petitions. It then considered and denied each of the requests for rehearing. The Patent Office proceedings, including all appeals, are done. The stay should be lifted.

### A. Dominion's Virginia Action Is Forbidden By Statute

Dominion's Virginia lawsuit against the Acting Director of the Patent Office is an attempt to maintain the stay beyond the time contemplated by the parties and the Court. When arguing in favor of the stay, Defendants did not raise the prospect of filing and litigating an entirely separate lawsuit against the Patent Office in a different jurisdiction to challenge the denial of its petitions while the present lawsuit with AutoAlert remained stayed. To this point, the Court stated in

its Order granting the stay that it was expecting a delay of no more than three months if the Patent Office denied all five of Dominion's petitions.

On the merits, Dominion's Virginia lawsuit is expressly forbidden by statute and should be dismissed for lack of subject matter jurisdiction. Federal law states that a decision of the Patent Office whether to institute an *inter partes* review is "final and nonappealable." 35 U.S.C. § 314(d). This language precludes Dominion from prosecuting a lawsuit in district court challenging the Patent Office's denials of its IPR petitions. *Compare Versata Dev. Corp. v. Rea et al.*, No. 1:13–cv–328, 2013 WL 4014649 (E.D. Va. Aug. 7, 2013) (no subject matter jurisdiction to challenge Patent Office determination that is "final and nonappealable" pursuant to 35 U.S.C. § 324(e)). AutoAlert intends to intervene in the Virginia lawsuit and join the Patent Office in moving to dismiss the lawsuit for lack of subject matter jurisdiction.

Dominion values its Virginia lawsuit, despite lacking merit, because it provides an argument to delay lifting the stay. Dominion has already indicated that it is likely to appeal to the Federal Circuit if it loses in Virginia. While that appeal may also lack merit, Dominion is hoping it will buy even more time.

### B. **Dominion's Writ Of Mandamus Lacks Merit**

In a tacit acknowledgement that its Virginia lawsuit is likely to be dismissed, Dominion filed a petition for writ of mandamus. But Dominion's petition for a writ is no more likely to succeed than its Virginia lawsuit.

"The writ of mandamus is available in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power." *In re TS Tech USA Corp.*, 551 F.3d 1315, 1318 (Fed. Cir. 2008). The Supreme Court has set forth two conditions that must be satisfied: first, the petitioner must show a "clear and indisputable" right to the writ and, second, the petitioner must have "no other adequate means to attain the relief . . . desire[d]." *Kerr v. U.S. Dist. Ct.*, 426 U.S. 394, 403 (1976). Even if these two prerequisites are met, the Federal

-6-

1  Circuit still has discretion to decline to issue the writ.

2  Dominion cannot show that it has a clear and indisputable right to the writ. According to Dominion, the Patent Office was required to accept Dominion's invalidity arguments, including the declaration of its purported expert, when ruling on the IPR petitions. Instead, according to Dominion, the Patent Office abused its discretion by substantively examining the IPR petitions, and AutoAlert's responses to those petitions, finding that each of the five petitions failed to demonstrate "a reasonable likelihood" of unpatentability, which is the statutory standard that the Patent Office is required to use when deciding whether to institute *inter partes* review. It can hardly be said that the denial of Dominion's IPR petitions involves circumstances so extraordinary that its right to the writ is clear and indisputable.

Nor can Dominion show that it has no other adequate means to attain the relief sought. The relief Dominion seeks is a finding that AutoAlert's patents are invalid. Dominion can attain this same relief in the present lawsuit. Indeed, Defendants have served a counterclaim seeking a declaratory judgment that each of the five patents-in-suit is invalid.

Dominion asserts in its petition that it presents a "question of first impression," and that a writ is appropriate to settle questions of law that would assist other parties. In other words, Dominion seeks "advisory" mandamus to potentially assist unrelated third parties that may have IPR petitions denied in the future. It would be fundamentally unfair and prejudicial to AutoAlert to allow the stay to remain while Dominion seeks an advisory mandamus that has nothing to do with AutoAlert.

/ / /

/ / /

-7-

## C. **Dominion Has Exhausted All Pending IPR Proceedings, Including Permissible Appeals**

The Court stayed this case "pending the final exhaustion of all pending IPR proceedings, including any appeals." It did not stay this case pending the final exhaustion of every possible legal action that Dominion could conjure up after its petitions were denied. Dominion did not raise the prospect of either the Virginia lawsuit or the petition for a writ of mandamus when it argued in favor of staying this case. Dominion asked for a stay only:

> (a) until the PTO decides *whether or not to grant* the pending IPR requests; and (b) *if one or more of those requests **are granted***, until any such IPRs are finally resolved.

(Docket No. 23 at 20 (emphases added).)

Both of these conditions have been met: (a) the Patent Office has decided whether or not to grant the IPR petitions, and (b) none of the IPR petitions has been granted. Indeed, upon denial of all five IPR petitions, the Court contemplated that the stay would be in effect for no more than three months.

Dominion asked for and received a fair shot at invalidating AutoAlert's patents in the Patent Office, while putting this case on hold in the meantime. Unfortunately for Dominion, its IPR petitions missed the mark. The fact that about 90% of all IPR petitions are granted in some form by the Patent Office, and that all five of Dominion's petitions were denied, demonstrates the meritless nature of Dominion's invalidity challenges. AutoAlert should not have to wait years to enforce its patents while Defendants pursue every conceivable path to avoid facing liability for infringing those patents.

The stay also should be lifted to promote judicial efficiency across AutoAlert's two pending patent infringement cases. The *Dominion* and *DealerSocket* cases each involve the same asserted patents, and it would be efficient for the parties and the Court to proceed with both cases on harmonized

-8-

schedules for phases that involve common issues, such as claim construction. Promptly lifting the stay will facilitate coordination and promote efficiency. At the time the Court granted the stay, it was about to hold a Scheduling Conference. It would be straightforward for counsel for the parties to promptly confer on an updated case schedule in advance of a Scheduling Conference. In the related *DealerSocket* case, the Court has set a Scheduling Conference for February 3, 2014.

## IV. CONCLUSION

For the foregoing reasons, AutoAlert respectfully requests that the Court lift the stay and set a Scheduling Conference at the Court's earliest convenience.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: December 4, 2013   By:  */s/ Craig S. Summers*
　　　　　　　　　　　　　　　Craig S. Summers
　　　　　　　　　　　　　　　David G. Jankowski
　　　　　　　　　　　　　　　Cheryl T. Burgess

Attorneys for Plaintiff/Counterdefendant,
AUTOALERT, INC.

16777067