Henrik D. Parker (*pro hac vice*)
Steven J. Rocci (*pro hac vice*)
**BAKER HOSTETLER LLP**
Circa Center, 12th Floor
2929 Arch Street
Philadelphia, PA 19104-2891
Telephone: (215) 564-8911
Facsimile: (215) 568-3439
Email: hparker@bakerlaw.com
srocci@bakerlaw.com

J. David Bournazian (State Bar No. 186194)
**BAKER HOSTETLER LLP**
600 Anton Blvd., Suite 900
Costa Mesa, CA 92626-8595
Telephone: (714) 754-6600
Facsimile: (714) 754-6611
Email: dbournazian@bakerlaw.com

Attorneys for Defendant and Counterclaimant DOMINION DEALER SOLUTIONS, LLC, and Defendants AUTOBASE, INC., and 110 REYNOLDS, LLC

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

AUTOALERT, INC.,

Plaintiff,

v.

DOMINION DEALER SOLUTIONS, LLC, AUTOBASE, INC.; and 110 REYNOLDS, LLC,

Defendants.

AND RELATED COUNTERCLAIMS

**SACV12-01661 JLS (JPRx)**

Complaint filed: October 1, 2012

**DEFENDANTS' OPPOSITION TO PLAINTIFF AUTOALERT, INC.'S MOTION TO LIFT STAY**

[Filed Concurrently with DECLARATION OF HENRIK D. PARKER AND SUPPORTING EXHIBITS]

Date: January 31, 2014
Time: 2:30 p.m.
Courtroom: 10-A

The Hon. Josephine L. Staton

# TABLE OF CONTENTS


Page

I. INTRODUCTION .......... 1

II. THE STATUS OF DOMINION'S *INTER PARTES* REVIEW PROCEEDINGS .......... 2

A. The PTO's Erroneous Decisions .......... 2

B. Dominion's Appeal Action Under The Administrative Procedures Act In The Eastern District Of Virginia .......... 3

C. Dominion's Petition For Mandamus In The Federal Circuit As To The PTAB's Erroneous Decisions .......... 4

III. THE CURRENT STAY SHOULD CONTINUE PENDING FINAL RESOLUTION OF DOMINION'S MANDAMUS AND EASTERN DISTRICT OF VIRGINIA ACTIONS .......... 4

A. AutoAlert's Motion Is Premature Because There Has Been No "Final Exhaustion Of. . . Any Appeals" .......... 5

B. The Same Factors The Court Applied In Granting The Stay Equally Weigh Strongly In Favor Of Continuing The Stay .......... 7

1. The Case Is Still At An Early Stage, And Resolution Of The Mandamus And APA Actions Is Likely To Simplify The Issues .......... 7

2. AutoAlert Will Not Suffer Any Prejudice Or Tactical Disadvantage While Waiting For Resolution Of The Mandamus And APA Actions .......... 8

IV. AUTOALERT'S ARGUMENTS AS TO THE MERITS OF DOMINION'S CONTINUING IPR PROCEEDINGS AND AUTOALERT'S LAWSUIT AGAINST DEALERSOCKET ARE IRRELEVANT AND ERRONEOUS .......... 12

V. CONCLUSION .......... 13

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Brand v. Miller*,
487 F.3d 862 (Fed. Cir.), *cert. denied*, 552 U.S. 1038 (2007) ............................. 3

*Camp v. Pitts*,
411 U.S. 138 (1973) ............................................................................................. 9

*Fla. Power & Light Co. v. Lorion*,
470 U.S. 729 (1985) ............................................................................................. 9

*In re Howard*,
2013 U.S. App. LEXIS 25468 (Fed. Cir. Dec. 12, 2013) .................................... 9

*In re Schmidt*,
2013 U.S. App. LEXIS 25467 (Fed. Cir. Dec. 12, 2013) .................................... 9

*In re Van Allen*,
2013 U.S. App. LEXIS 25480 (Fed. Cir. Dec. 20, 2013) .................................... 9

*Marshall Cty. Health Care Auth. v. Shalala*,
988 F.2d 1221 (D.C. Cir. 1993) ........................................................................... 5

*Rambus Inc. v. Rea*,
Case No. 2012-1634, 2013 U.S. App. LEXIS 19500 (Fed. Cir. 2013)................ 3

*Rempfer v. Sharfstein*,
583 F.3d 860 (D.C. Cir. 2009).............................................................................. 5

*Schlagenhauf v. Holder*,
379 U.S. 104 (1964) ........................................................................................... 12

**STATUTES**

20 U.S.C. § 107d-2(a)........................................................................................... 5

25 U.S.C. § 2713(c) ............................................................................................... 5

35 U.S.C. § 154(b)(4)(A)........................................................................................ 6

35 U.S.C. § 314(d) ............................................................................................... 13



BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

# I. INTRODUCTION

AutoAlert's Motion To Lift Stay is premature because there has been no "final exhaustion of all pending IPR proceedings, including any appeals" as called for by the Order entering the stay (D.I. 41 (May 22, 2013 Order) at 6). Indeed, there are currently ***two*** pending appeal/review proceedings directly tied to the *inter partes* review ("IPR") petitions: (1) an Eastern District of Virginia appeal action under the Administrative Procedures Act ("APA"); and (2) a petition for a writ of mandamus from the Court of Appeals for the Federal Circuit seeking correction of the PTO's legally erroneous denial of Dominion's IPR petitions.

Given the pendency of these two proceedings, ***all*** of the same factors that underlay this Court's granting of the stay in the first place continue to weigh strongly in favor of maintaining that stay through resolution of both the APA appeal action and the mandamus action (*id.* at 4-6). First, the case remains in its infancy. Second, waiting for the outcome of the APA and mandamus actions will likely simplify the issues before this Court since those actions seek reversal of the PTAB's decisions on each of its five IPR petitions. Third, maintaining the stay for now would not result in any undue prejudice or any tactical disadvantage to AutoAlert for all of the same reasons that having the stay in place to date did not do so.

Moreover, resolution of both current proceedings should occur fairly rapidly. The mandamus petition was fully briefed as of January 6th and awaits the Federal Circuit's ruling, which – given the nature of the petition – should occur quite soon. If the Federal Circuit grants the petition, then the IPR proceedings will likely be re-started immediately and then there certainly can be no debate that there are then ongoing IPR proceedings. In addition, according to an Order Setting Pretrial Conference (Declaration Of Parker, filed herewith, Exh. A at 1), the APA action is to be tried sometime between March 17th and April 15th (60-90 days after a January 15th Pretrial Conference) and – given the nature of the action – that "trial" will

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

likely be based on a submitted record and will be more akin to a summary judgment or appellate argument.

Because maintaining the stay would be in the interest of all parties and would promote judicial efficiency, AutoAlert's motion should be denied.

## II. THE STATUS OF DOMINION'S *INTER PARTES* REVIEW PROCEEDINGS

### A. The PTO's Erroneous Decisions

On March 28, 2013, Dominion filed IPR petitions as to all five patents asserted in this litigation. Those IPR petitions were the basis for the Court's granting of the initial stay (D.I. 41). The petitions requested IPR in light of three prior art references. Each petition contained separately-delineated sections detailing how each element of each Patent claim was taught in the references, and each petition included the Expert Declaration of Ward A. Hanson, Ph.D., a 25-year veteran in the field to which the asserted patents pertain. The Hanson Declaration consisted of close to 50 pages of expert testimony, discussing in detail what each reference would have taught to one of ordinary skill in the art at the relevant time frame, and demonstrating how the references taught or suggested the claims of the patents. The Hanson Declaration included specific conclusions that each patent claim was taught by the prior art.[1]

Despite the well-supported petitions, on August 12 and 15, 2013, the Patent Trial and Appeals Board ("PTAB") issued decisions denying Dominion's IPR petitions (*see* Exhs. 1-5 as attached to the Summers Declaration filed with AutoAlert's current motion – "Summers Decl."). In each decision, the PTAB neither questioned Dr. Hanson's credibility nor his status as an expert at the time that the alleged inventions were made, nor did the PTAB conclude that the references' teachings contradicted the Hanson Declaration. Yet, the PTAB refused

[1] These petitions and declaration are voluminous and are not submitted here so as not to overburden this Court. Should the Court desire to see them, Dominion will immediately provide copies.



BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

to accept his unrebutted and uncontradicted testimony showing how the references would have taught each patent's claims to one of ordinary skill in the art at the relevant time. Instead of crediting Dr. Hanson's testimony as it was required to do (*Brand v. Miller*, 487 F.3d 862, 869 (Fed. Cir.), *cert. denied*, 552 U.S. 1038 (2007); *Rambus Inc. v. Rea*, Case No. 2012-1634, 2013 U.S. App. LEXIS 19500, *22 (Fed. Cir. 2013)), the PTAB improperly substituted its own views without any supporting evidence.

**B. Dominion's Appeal Action Under The Administrative Procedures Act In The Eastern District Of Virginia**

Given the PTAB's abuses of discretion, Dominion filed a Complaint in the Eastern District of Virginia under the Administrative Procedures Act (chapter 7 of title 5 of the U.S. code, the "APA") on October 15, 2013, appealing the PTAB's decisions (Parker Decl. Exh. B). Dominion alleged that, in each of the five decisions on its IPR petitions, the PTAB improperly substituted its own assumed expertise and views for undisputed evidence that more than met the applicable "reasonable likelihood" of unpatentability standard for instituting trial proceedings. As such, the PTAB's failure to institute trial on the petitions was contrary to law and exceeded the PTAB's statutory authority. Dominion requested that the Eastern District of Virginia vacate the PTO's decisions and order the PTO to institute trial proceedings on each of the IPR petitions.

On December 20, 2013, the PTO filed a motion to dismiss for purported lack of subject-matter jurisdiction and failure to state a claim for which relief can be granted. Dominion's response, in which it will oppose that motion, is currently due on January 17, 2014. The PTO's reply is due on January 23, 2014. A decision on the motion to dismiss, as explained below, is expected around March 2014. If the motion is denied, then Dominion expects that a "trial" date will be set for late March or early April at a January 15th Pretrial Conference (Parker Decl. Exh. A at 1).

### C. Dominion's Petition For Mandamus In The Federal Circuit As To The PTAB's Erroneous Decisions

On November 26, 2013, Dominion filed a petition for mandamus relief in the Federal Circuit (Summers Decl. Exh. 14). As explained in that petition, the PTAB arbitrarily and capriciously failed to apply the "reasonable likelihood" threshold standard, instead preemptively delving into the ultimate merits, substituting its own views for unrebutted record evidence, and, in certain instances, applying an unduly high standard requiring that prior art references "facially describe" the claim element(s) at issue. Among other things, Dominion has requested that the Federal Circuit vacate the PTAB's decisions and remand those decisions to the PTO with instructions to institute IPR trials on each.

The PTO filed its response to the mandamus petition on December 19, 2013, and Dominion filed a Reply on January 6th. There is no further briefing on the mandamus action. As explained below, a decision on Dominion's petition is expected in February or March 2014.

## III. THE CURRENT STAY SHOULD CONTINUE PENDING FINAL RESOLUTION OF DOMINION'S MANDAMUS AND EASTERN DISTRICT OF VIRGINIA ACTIONS

The Court should deny AutoAlert's motion to lift the stay for at least three reasons. First, as explained below, the motion is premature. The Court's Order imposing the stay provides a specific condition for when the stay may be lifted, and that condition has not yet occurred. Second, all of the factors that were applied in finding the stay appropriate originally remain applicable and support continuing the stay pending resolution of the APA and mandamus actions. Third, it is likely that a decision as to whether or not the PTO must institute IPR proceedings as to the five patents at issue will be reached within no more than a few months. As such, the potential benefits of a stay outweigh any potential detriment from the short continuance of the stay.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

### A. AutoAlert's Motion Is Premature Because There Has Been No "Final Exhaustion Of. . . Any Appeals"

This Court has specifically stated that the present action is stayed "pending final exhaustion of all pending IPR proceedings, including any appeals" (D.I. 41 at 6). That Order came only after the Court specifically rejected AutoAlert's contention in opposing Dominion's initial motion for a stay that, if the Court were to allow a stay, it should do so only through the issuance of a final appealable decision and not through any subsequent appeals (*id.* at 6 n.5). In rejecting this argument, the Court explained that, because the same considerations would weigh in favor of staying the case through a final determination, rather than a final appealable decision, it was not limiting the stay as AutoAlert had requested (*id.*).

Contrary to AutoAlert's contention (Mot. at 5), the IPR proceedings and appeals are not "done." Although the PTAB has issued decisions denying the IPR petitions, the mandamus and APA proceedings are simply continuations of the IPR proceedings.

First, APA reviews of federal agency decisions (like those here) serve as "appeals" of those decisions. *See, e.g., Marshall Cty. Health Care Auth. v. Shalala*, 988 F.2d 1221, 1226 (D.C. Cir. 1993) ("Appellants misunderstand the role the district court plays when it reviews agency action. The district court sits as an appellate tribunal, not as a court authorized to determine in a trial-type proceeding whether the Secretary's study was factually flawed."); *see also Rempfer v. Sharfstein*, 583 F.3d 860, 865 (D.C. Cir. 2009) ("We review the district court's APA ruling *de novo*, as if the agency's decision had been appealed to this court directly") (internal quotation marks omitted). In fact, many federal statutes themselves characterize APA actions as "appeals" of agency decisions. *See, e.g.*, 25 U.S.C. § 2713(c) (providing that Commission's approval of fines "shall be appealable to the appropriate Federal district court pursuant to chapter 7 of title 5"); 20 U.S.C. § 107d-2(a) (providing that decision of arbitration panel is "subject to

appeal and review as final agency action for purposes of chapter 7 of such Title 5"). Significantly, the Patent Act's authorization of review of PTO patent term adjustment determinations, which are governed by "[c]hapter 7 of title 5" (i.e., the APA) is codified in a section entitled "[a]ppeal of patent term adjustment determination." 35 U.S.C. § 154(b)(4)(A).

Moreover, although petitions for writs of mandamus are not technically "appeals," Dominion's mandamus petition seeks essentially the same relief as if it were an appeal of the PTAB's decisions on its IPR petitions. The mandamus petition asks that the Federal Circuit set aside the decisions regarding the invalidity of the five asserted patents. In addition, in line with this Court's reasoning in its Order extending the stay through all appeals, the very same considerations that would weigh in favor of staying the district court litigation pending an appeal after a final PTAB decision on the merits if Dominion's IPR petitions had been granted (as they should have been) also weigh in favor of maintaining the stay pending resolution of the mandamus action. Consequently, to say that Dominion's petition for a writ does not constitute part of the IPR proceedings for purposes of continuing the stay improperly places form over substance.

AutoAlert's reliance on the fact that "upon denial of all five IPR petitions, the Court contemplated that the stay would be in effect for no more than three months" and that "Defendants did not raise the prospect of the Virginia lawsuit or the petition for a writ of mandamus when it argued in favor of staying this case" (Mot. at 1, 5-6, 8) is misplaced. While Dominion did not expressly state that it would bring an APA action if the PTO denied its IPR petitions, Dominion at the time could not have reasonably expected that the PTO would abuse its discretion and render decisions on the petitions that were contrary to law. And, even if it had, Dominion would have had no reason to believe that bringing an APA action would not fall within the scope of the Court's Order as part of the PTO proceedings such that the stay would continue.

The Court presumably did not expect that an APA action would have to be filed at the time either. In fact, if the PTO had not denied the petitions for such a legally erroneous reason, an APA action would have been unnecessary. Thus, AutoAlert's reliance on the Court's suggestion that the stay might only last three months if the IPR petitions are rejected is seemingly misplaced in view of the changed circumstances and Dominion's need to bring the APA action.

Thus, until both the mandamus and APA actions are resolved, there will be no "final exhaustion of all pending IPR proceedings, including any appeals." Dominion's APA action is an "appeal" of the IPR proceedings; the mandamus action is at least a continuation of the IPR proceedings. Because Dominion's IPR proceedings have not been exhausted, the Court's Order mandates that the stay continue and AutoAlert's motion be denied.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

**B. The Same Factors The Court Applied In Granting The Stay Equally Weigh Strongly In Favor Of Continuing The Stay**

The same factors that the Court used in determining to grant the stay in the first instance – the stage of the litigation, simplification of the issues, and lack of undue prejudice or clear tactical disadvantage (D.I. 41 at 4-6) – strongly weigh in favor of maintaining the stay.

**1. The Case Is Still At An Early Stage, And Resolution Of The Mandamus And APA Actions Is Likely To Simplify The Issues**

As to the first and second factors, the relevant facts remain exactly the same as they were before the stay was granted originally. As the Court previously noted, the case is in its infancy and no discovery has been sought, no dates have been set, and the parties have not conferred on any substantive issues (*id.* at 4-5). Moreover, waiting for the outcome of the APA and mandamus actions will likely result in simplifying the issues that this Court must consider. In particular, Dominion has challenged the PTAB's decisions on each of its five IPR petitions. In resolving the

mandamus and APA actions, there is a significant chance that the Federal Circuit and/or the Eastern District of Virginia will conclude that the PTAB acted improperly and will compel the PTO to grant each of the IPR petitions. After the IPR petitions are granted, the PTAB's review of the five asserted patents could eliminate the need for trial if the claims are cancelled or, if the claims survive, facilitate trial by providing the court with expert opinion of the USPTO and clarifying the scope of the claims. In other words, all of the possible gained efficiencies discussed when considering the original stay motion remain possible.

**2. AutoAlert Will Not Suffer Any Prejudice Or Tactical Disadvantage While Waiting For Resolution Of The Mandamus And APA Actions**

Nor would waiting for the resolution of the mandamus and APA actions be unduly prejudicial or lead to any tactical disadvantage to AutoAlert.

For example, if it were true, as AutoAlert insists (Mot. at 6-7), that Dominion's APA action is meritless and will be dismissed for lack of subject matter, then any delay in waiting for the APA to be resolved would be minimal at best. In the *Versata* case cited by AutoAlert (1:13-cv-328), the Eastern District of Virginia took less than three months after the motion to dismiss was filed to decide the motion. *Compare* D.I. 16 (Motion to Dismiss filed May 16, 2013) with D.I. 46 (Order granting Motion to Dismiss issued August 7, 2013). If that timeframe held true in Dominion's appeal there, it would be decided in mid-March.

Moreover, even if the PTO's motion to dismiss is denied in the Virginia action, the APA lawsuit will be streamlined because it is: (1) in the Eastern District of Virginia[2] and (2) it is an APA action.[3] Indeed, as mentioned above, the Virginia

[2] The average time for disposition of a civil action in the Eastern District of Virginia in 2013 is approximately 5 months. *See* http://www.uscourts.gov/viewer.aspx?doc=/uscourts/Statistics/FederalCourtManagementStatistics/2013/district-fcms-profiles-september-2013.pdf&page=25 (last visited January 10, 2013).

court has stated its intention to schedule any "trial" for some time in late March or early April (Parker Decl. Exh. A at 1). That "trial" will really amount to an oral argument of a summary judgment motion. In other words, it will not take more than a few hours, and an opinion on the merits can be anticipated not long thereafter.

With respect to the mandamus proceeding, because the petition – filed on November 26, 2013 – has already been fully briefed, it is likely that a substantive decision will issue within a matter of weeks based on recent mandamus petitions to the Federal Circuit. *See, e.g.*, *In re Van Allen*, 2013 U.S. App. LEXIS 25480 (Fed. Cir. Dec. 20, 2013) (decision issued approximately two months after petition was filed); *In re Schmidt*, 2013 U.S. App. LEXIS 25467 (Fed. Cir. Dec. 12, 2013) (same); *In re Howard*, 2013 U.S. App. LEXIS 25468 (Fed. Cir. Dec. 12, 2013) (decision approximately three months after filing of petition).

As such, the substantive conclusions in both the APA action and the Federal Circuit mandamus petition should be reached in no more than three to four months, and quite possibly sooner. Hence, maintaining the stay pending resolution of the APA and mandamus actions would not cause any significant delay or harm to AutoAlert. (Of course, if either the Eastern District of Virginia or Federal Circuit grant the relief requested by Dominion (i.e., compelling the PTO to grant the five IPR petitions), then the PTO's reviews of the five asserted patents will continue on a similar timeline as before.)

At the same time, all of the facts demonstrating a lack of undue prejudice and tactical disadvantage that formed the basis for the Court's initially granting the stay remain just as true and applicable today. For example, AutoAlert waited to file its

[3] For example, discovery is unavailable or at least limited in APA actions, and resolution of those actions is typically based on the administrative record alone (although Dominion intends to seek limited document discovery). *Camp v. Pitts*, 411 U.S. 138, 142 (1973); *see also Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985).



BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

Complaint for at least two years after acquiring its patents, and at least two years after Dominion acquired DealActivator and began selling it (DI 41 at 4-5). AutoAlert then waited more than three months from filing its Complaint to serve it on Dominion. *Id.* Even now, AutoAlert waited eight weeks after Dominion had lost its Requests For Reconsideration before the PTAB on October 10, 2013, before filing its Motion To Lift The Stay.

In view of these facts, AutoAlert cannot complain that an additional short stay – one that would be much shorter than AutoAlert's delay in bringing suit – would cause any irreparable harm. As this Court previously found, monetary damages will adequately compensate AutoAlert should Dominion be found liable for patent infringement, as evidenced by AutoAlert's failure to move for a preliminary injunction (*id.* at 5). And, while Dominion and AutoAlert are direct competitors, the effect of a stay on AutoAlert's market share is diluted by the presence of numerous other companies in the same market (*id.*).

Significantly, had the PTAB not abused its discretion and had granted the five IPR petitions, the proceedings within the PTAB would be ongoing at this moment and would be continuing for at least several months. Nevertheless, this Court already specifically found that having a stay in place for that period of time would not cause AutoAlert irreparable harm. That lack of irreparable harm does not suddenly change simply because the stay is occurring while the proceedings are in the Federal Circuit and the Eastern District of Virginia and not the PTO.

Other relevant facts have also come to light since the initial stay was granted. For example, contrary to AutoAlert's argument in its briefing on the initial motion for stay that no other companies' products had significant market share besides AutoAlert's and Dominion's (D.I. 28 at 8) – a claim that was de-bunked by Dominion in its Reply back then (D.I. 40 at 7 and D.I. 40-1 at ¶¶14 and 17), AutoAlert has since sued another company, DealerSocket, based on the same patents at issue here (*see* Mot. at 5). Unlike here, AutoAlert did move for a

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

preliminary injunction in that case, arguing that DealerSocket's sales were harming AutoAlert's market share (*id.*). If Dominion's sales were also truly harming AutoAlert's market share, surely AutoAlert would have moved for a preliminary injunction against Dominion.

The only assertions that AutoAlert makes that are arguably related to the relevant factors for determining the appropriateness of a continued stay are:

(1) "it would be fundamentally unfair and prejudicial . . . to allow the stay to remain while Dominion seeks an advisory mandamus that has nothing to do with AutoAlert" (*id.* at 7); and

(2) AutoAlert should not have to wait "years" to enforce its patents while Dominion pursues "every conceivable path" to avoid facing liability for allegedly infringing its patents (*id.* at 8).

Both assertions, however, misstate the facts. As to the first, Dominion is not just seeking an advisory mandamus, let alone one that will have no impact on the IPR proceedings involving AutoAlert's patents. Rather, Dominion's mandamus petition specifically requests that the Federal Circuit reverse the PTO's decisions on all the IPR petitions and initiate proceedings with respect to all five patents (*see, e.g.*, Summers Decl. Exh. 14 at 1, 30).

AutoAlert's second assertion is similarly far from accurate. AutoAlert will not have to wait "years" if the stay is continued. Again, it is only a matter of weeks before the mandamus petition should be decided and at most a few months before resolution of the Virginia action.

Waiting for the outcome of the mandamus and APA actions will aid in simplifying the issues, and neither party would be unduly burdened or prejudiced by the minimal amount of delay that could result.

/ / /

/ / /

/ / /

## IV. AUTOALERT'S ARGUMENTS AS TO THE MERITS OF DOMINION'S CONTINUING IPR PROCEEDINGS AND AUTOALERT'S LAWSUIT AGAINST DEALERSOCKET ARE IRRELEVANT AND ERRONEOUS

Rather than properly focusing on whether or not the relevant factors discussed above support continuing the stay, AutoAlert instead mostly argues about the merits of Dominion's APA and mandamus actions, effectively asking this Court to determine legal issues that are to be decided by the Federal Circuit and Eastern District of Virginia. Those arguments are both inaccurate and inappropriate within the context of the present motion.

In particular, Dominion's APA and mandamus actions are not simply "delay measures designed to excuse Dominion from . . . requesting a lift of the stay" (Mot. at 1). Dominion filed these actions because it legitimately seeks relief from the PTAB's abuses of discretion in not granting the five IPR petitions. Mandamus and APA actions are frequently filed against the PTO in similar situations and Dominion's actions have substantial merit, despite AutoAlert's self-serving allegations to the contrary.

As to the mandamus petition, AutoAlert primarily argues that Dominion "cannot show that it has a clear and indisputable right to the writ" (*id*. at 7). But Dominion has done exactly that. As can been gleaned from a review of Dominion's mandamus petition (Summers Decl. Exh. 14), and as explained above, Dominion is entitled to the writ in view of the PTAB's various legal errors and abuses of discretion in failing to grant the petitions, including its improper application of the "reasonable likelihood" of unpatentability standard, the scope of which is an issue of first impression for the Federal Circuit as presented in Dominion's Petition For Writ. *See Schlagenhauf v. Holder*, 379 U.S. 104 (1964) (holding that writ of mandamus is appropriate for dealing with "basic and undecided" questions when a lower forum abuses its authority).

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA

AutoAlert's argument that the APA action is "expressly forbidden by statute and should be dismissed for lack of subject matter jurisdiction" is even more erroneous (Mot. at 5-6). Dominion's response to the pending motion to dismiss in the APA action is due January 17th and Dominion currently plans to oppose the motion. Although 35 U.S.C. § 314(d) states that decisions whether or not to institute IPR trials are "final and nonappealable," that does not mean that such decisions cannot be challenged under the APA in district court. Notably, the single case that AutoAlert cites (the *Versata* case) is currently on appeal in the Federal Circuit. Since the *Versata* lawsuit was dismissed based on § 314(d), the appellant there will likely raise the issue as to whether or not APA actions can be based on seeking review of incorrect decisions on IPR petitions, and it will be the Federal Circuit (and not AutoAlert) who will decide that question.

AutoAlert's final argument – that the stay should be lifted "to promote judicial efficiency across AutoAlert's two pending patent infringement cases" (Mot. at 8) – also misses the point. First, the accused infringers and products are different in each case and, thus, involve significantly different facts and circumstances. While claim construction and validity issues may (or may not) be similar, the alleged infringement and damages issues will not.

Second, the reason for granting a stay pending IPR in the first place is to promote judicial efficiency by not having the parties and the Court unnecessarily expend time and resources litigating the district court case when the litigation could be simplified (or even avoided) if the case is stayed pending resolution of the IPR proceedings. Lifting the stay now would be contrary to such reasoning.

## V. CONCLUSION

Because proceedings relating to Dominion's IPR petitions – both mandamus and an APA action – are ongoing, AutoAlert's motion to lift the stay is premature. Moreover, the same considerations that favored initially granting the stay remain and weigh heavily in favor of continuing the stay. The case is in its early stages,

waiting for the outcome of the mandamus and APA actions would be beneficial to simplifying the issues, and neither party would be unduly burdened or prejudiced.

The Court should deny AutoAlert's motion and leave the stay in place pending resolution of at least Dominion's mandamus and APA actions.

Dated: January 10, 2014

BAKER HOSTETLER LLP

By: /s/ *Henrik D. Parker*
/s/ *J. David Bournazian*

Henrik D. Parker
Attorneys for Defendant and Counter-Claimant DOMINION DEALER SOLUTIONS, LLC, and Defendants AUTOBASE, INC., and110 REYNOLDS, LLC

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
COSTA MESA