Craig S. Summers (SBN 108,688)
craig.summers@knobbe.com
David G. Jankowski (SBN 205,634)
david.jankowski@knobbe.com
Cheryl T. Burgess (SBN 250,101)
cheryl.burgess@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Telephone:  (949) 760-0404
Facsimile:   (949) 760-9502

Attorneys for Plaintiff/Counterdefendant
**AUTOALERT, INC.**

Steven J. Rocci (*Pro Hac Vice*)
Henrik D. Parker (*Pro Hac Vice*)
Jeffrey W. Lesovitz (*Pro Hac Vice*)
**BAKER & HOSTETLER LLP**
Cira Centre, 12th Floor
Philadelphia, PA 19104-2891
Telephone: (215) 564-8911
Facsimile:  (215) 568-3439
Email:  srocci@bakerlaw.com
        hparker@bakerlaw.com
        jlesovitz@bakerlaw.com

J. David Bournazian (SBN 186194)
**BAKER & HOSTETLER LLP**
600 Anton Blvd., Suite 900
Costa Mesa, CA 92626-8595
Telephone: (714) 754-6600
Facsimile: (714) 754-6611
Email: dbournazian@bakerlaw.com

Attorneys for Defendants,
**DOMINION DEALER SOLUTIONS, LLC,**
**AUTOBASE, INC., and 110 REYNOLDS, LLC**

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUTOALERT, INC., | ) |
| Plaintiff, | ) SACV12-01661 JLS (JPRx) |
| v. | ) **STIPULATED PROTECTIVE ORDER** |
| DOMINION DEALER SOLUTIONS, LLC; AUTOBASE, INC.; and 110 REYNOLDS, LLC, | ) ) ) ) ) |
| Defendants. | ) Hon. Jean P. Rosenbluth |
| AND RELATED COUNTERCLAIMS | ) ) |

## **GOOD CAUSE STATEMENT**

The above-captioned action (the "Action") is likely to involve discovery of documents and testimony containing trade secrets and other confidential proprietary commercial information of the parties to this Action and of non-parties who may be subpoenaed to provide deposition testimony and documents, specifically including confidential and commercially sensitive information relating to proprietary software, business strategies, goods and services capabilities, sales, costs, pricing, profitability, customers, suppliers, and other business and financial data, which, if disclosed other than as specified herein, will pose a significant risk of injury to the legitimate business interests of the disclosing party.  This Order is necessary to protect the legitimate business interests of the disclosing parties in such information, and good cause exists for the entry of this Order.  The parties to this Action, plaintiff and counterdefendant AutoAlert, Inc. ("AutoAlert") and defendant/counterclaimant Dominion Dealer Solutions, LLC and defendants Autobase, Inc., and 110 Reynolds, LLC (collectively "Defendants") (hereinafter, jointly, the "Parties," and each singularly, "Party") have agreed to be bound by the terms of this Order in this Action.

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and pursuant to the stipulation and agreement of the Parties,

IT IS HEREBY ORDERED, that if, in the course of these proceedings, any Party or Non-Party has the occasion to disclose information deemed in good faith to constitute confidential proprietary information of the type contemplated by Rule 26(c) of the Federal Rules of Civil Procedure, through formal discovery or otherwise, the following procedures shall be employed and the following restrictions shall govern the handling of documents, depositions, pleadings, exhibits, and all other information exchanged by the Parties in this Action, or provided by or obtained from non-parties to this Action. –

## 1. PURPOSES AND LIMITATIONS

Disclosure and discovery activities in this Action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting and defending this Action may be warranted. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The Parties further acknowledge, as set forth in Section 13.3, below, that this Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 and Section 9 of the Initial Standing Order (Docket No. 5) set forth the procedures that shall be followed and the standards that will be applied when a Party seeks permission from the Court to file material under seal.

## 2. DEFINITIONS

2.1 "Challenging Party" shall mean a Party or Non-Party that challenges the designation of information or items under this Order.

2.2 "CONFIDENTIAL" information or items shall mean information (regardless of how it is generated, stored or maintained) or tangible things that contain information that the "Designating Party" (defined below) believes in good faith to constitute or embody matters used by it in or pertaining to its business, which matter may have been disclosed to third parties, but not to the public generally. Confidential information may include, but is not limited to, materials such as product manuals, product specifications, and informative documents distributed to customers and similar information.

2.3 "HIGHLY CONFIDENTIAL–OUTSIDE COUNSELS' EYES ONLY" information or items shall mean extremely sensitive confidential information or items, for which the disclosure of the information or items to

another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.  Documents containing the following exemplary kinds of information may qualify as "HIGHLY CONFIDENTIAL–OUTSIDE COUNSELS' EYES ONLY" information: (a) current research and development; (b) future or pipeline products or software; (c) unpublished pending patent prosecution (including applications); (d) customer, vendor, supplier, and sales representative names and identifying information; (e) pricing information; (f) plans regarding current and future marketing strategies and forecasts; (g) current and future competitive analyses; (h) proprietary software; and (i) other sensitive technical, financial, competitive, or personnel information that is not generally known by third parties and that the Designating Party would not normally reveal to third parties or would cause third parties to maintain in confidence either by agreements, policies, or procedures, including, without limitation, materials such as design files, design drawings, design specifications, manufacturing techniques, laboratory notebooks, prototypes, financial and accounting information that is not made publicly available, business and marketing plans or analyses, surveys, customer communications, meeting minutes, employment records, training materials, and documents and information regarding designs, manufacturing, preparation processes, business plans, and marketing information.

2.4    "Disclosure or Discovery Material" shall mean all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, documents, testimony, transcripts, and tangible things), that are produced or generated in disclosures, whether formal or informal, or responses to discovery in this matter.

2.5    "Expert" shall mean a person with specialized knowledge or experience in a matter pertinent to the Action who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.6  "Designating Party" shall mean a Party or Non-Party that designates information or items as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL– OUTSIDE COUNSELS' EYES ONLY."

2.7  "In-House Counsel" shall mean attorneys who are employees of a Party to this Action. In-House Counsel does not include "Outside Counsel of Record (defined below)" or any other outside counsel.

2.8  "Non-Party" shall mean any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.9  "Outside Counsel of Record" shall mean attorneys who are not employees of a Party to this Action, but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

2.10  "Producing Party" shall mean a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.11  "Professional Vendors" shall mean persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.12  "Protected Material" shall mean any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL– OUTSIDE COUNSELS' EYES ONLY."

2.13  "Receiving Party" shall mean a Party that receives Disclosure or Discovery Material from a Producing Party.

2.14  "Source Code" means computer code, scripts, assembly, object code, source code listings and descriptions of source code, object code listings and descriptions of object code along with related files or other related information (*e.g.*, configuration files, Makefiles, files storing input or output related to source code and/or the program that the source code underlies, files or

-4-

web-based repository information related to source code management and/or revision systems, read me files, etc.).

**3.   SCOPE**

3.1  The protections conferred by this Order cover Protected Material, and also (1) any confidential information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any deposition testimony, conversations, or presentations by Parties or their Outside Counsel of Record that comprise, or would likely reveal, Protected Material.

3.2  The protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of public disclosure not involving a violation of this Order, applicable law or obligation of confidentiality, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure, or obtained by the Receiving Party after the disclosure, from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

**4.   DURATION**

Even after "Final Disposition" (defined below) of this Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order directs otherwise. "Final Disposition" is deemed to be the later of: (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.     DESIGNATING PROTECTED MATERIAL**

5.1   *Exercise of Restraint and Care in Designating Material for Protection.*   Each Designating Party shall take care to limit any designations under this Order to specific material that qualifies under the appropriate standards. To the extent that it is reasonable and practical to do so, the Designating Party shall designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

5.2   If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Designating Party shall promptly notify the other Party that it is withdrawing the mistaken designation.

5.3   Except as otherwise provided in this Order (*see, e.g.*, Section 5.3(b) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order shall be clearly so designated before the material is disclosed or produced.  Designation in conformity with this Order requires:

(a)  For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings):

(i)     The Producing Party shall affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–OUTSIDE COUNSELS' EYES ONLY" to each page that contains Protected Material.  If portions of an integrated, multi-page document, including a response to a discovery request, qualifies for protection, then the

Producing Party shall affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–OUTSIDE COUNSELS' EYES ONLY" on the first page of the document and then on each page of the document that qualifies for protection.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party shall identify the protected portion(s) (such as by making appropriate markings in the margins) and shall specify, for each portion, the level of protection being asserted.

(ii)  A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL–OUTSIDE COUNSELS' EYES ONLY." After the inspecting Party has identified the documents that it wants copied and produced, the Producing Party shall determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party shall affix the appropriate legend (e.g., "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL–OUTSIDE COUNSELS' EYES ONLY") to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party shall clearly identify the protected portion(s) (such as by making appropriate markings in the margins) and shall specify, for each portion, the level of protection being asserted.

(b) For testimony given in deposition:

(i)  During any deposition in which Protected Material is discussed, counsel attending the deposition must make a good-faith

attempt to designate, on the record, any deposition transcript that will contain "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–OUTSIDE COUNSELS' EYES ONLY" information. Any deposition transcript that counsel has designated on the record at the deposition as Protected Material, and any such information marked as a deposition exhibit, shall be treated as Protected Material and marked accordingly. For deposition testimony not designated on the record during the deposition, the transcript may be designated if, within thirty (30) calendar days of the transcript's delivery to the Parties' Outside Counsel of Record, counsel designates in writing the transcript as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–OUTSIDE COUNSELS' EYES ONLY" information. In the time after the deposition but before the expiration of this thirty-day period, all deposition transcripts must be treated as if they contained "HIGHLY CONFIDENTIAL–OUTSIDE COUNSELS' EYES ONLY" information unless the Parties specifically agree otherwise. For any deposition transcript designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–OUTSIDE COUNSELS' EYES ONLY" information, the Parties will make a good faith effort to de-designate Protected Material if and when requested by a Party for purposes of filing documents, including deposition excerpts, with the Court or using documents in a Court proceeding or hearing.

(c)     For information produced in some form other than documentary and for any other tangible items, the Producing Party shall affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–OUTSIDE COUNSELS' EYES ONLY."  If only a portion or portions of the information or item warrant protection, the Producing Party,

to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.4 *Inadvertent Failures to Designate*.  If timely corrected after learning of an inadvertent failure to designate qualified information or items, the inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party shall make reasonable efforts to ensure that the material is treated in accordance with the provisions of this Order.

6. **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1 *Timing of Challenges*.  A Receiving Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid substantial foreseeable unfairness, unnecessary economic burdens, or a significant disruption or delay of the Action, a Receiving Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 *Meet and Confer*.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  The Parties shall attempt to resolve each challenge in good faith and shall begin the process by conferring within ten (10) days of the date of service of notice.  In conferring, the Challenging Party shall explain the basis for its belief that the confidentiality designation was not proper and shall give the Designating Party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the chosen designation. The Parties shall comply with the requirements set forth in Local Rule 37-1 before seeking judicial intervention.

6.3 *Judicial Assistance*.  Prior to seeking judicial assistance, the Parties shall comply with Local Rule 37-1. If the Parties cannot resolve a challenge without court assistance, the Parties shall comply with Local Rule 37-2 and draft a joint stipulation pursuant to Local Rule 37-2.1.  The Challenging Party may file a motion challenging a confidentiality designation if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.  The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  All Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

## 7.   ACCESS TO, AND USE OF, PROTECTED MATERIAL

7.1 *Basic Principles*.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  At all times, Protected Material shall be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.  After Final Disposition of this Action, a Receiving Party shall comply with the provisions of Section 13 below (FINAL DISPOSITION).

7.2  *Disclosure of "CONFIDENTIAL" Information or Items*.  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) the officers, directors, and employees (including In-House Counsel) of the Receiving Party who are providing active assistance, and to whom disclosure is reasonably necessary for, this Action, provided they have reviewed and signed the "Acknowledgment and Agreement To Be Bound By Stipulated Protective Order" (Exhibit A);

(c) Experts of the Receiving Party (and their necessary support personnel) to whom disclosure is reasonably necessary for this Action, who have reviewed and signed the "Acknowledgment and Agreement To Be Bound By Stipulated Protective Order" (Exhibit A), and for whom the requirements of Section 7.4 have been satisfied;

(d) any neutral retained in connection with alternative dispute resolution proceedings related to this Action;

(e) any court or other shorthand reporter or typist recording or transcribing testimony and its personnel;

(f) jury consultants who have signed the "Acknowledgment and Agreement To Be Bound By Stipulated Protective Order" (Exhibit A);

(g) Professional Vendors to whom disclosure is reasonably necessary for this Action;

(h) the author or recipient of a document containing the information; and

(i) the Court and its personnel.

7.3   *Disclosure of "HIGHLY CONFIDENTIAL–OUTSIDE COUNSELS' EYES ONLY" information or items.*   Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL–OUTSIDE COUNSELS' EYES ONLY" only to:

/ / /

/ / /

(a) the Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

(b) Experts of the Receiving Party (and any of their necessary support personnel) to whom disclosure is reasonably necessary for this Action, who have reviewed and signed the "Acknowledgment and Agreement To Be Bound By Stipulated Protective Order" (Exhibit A), and for whom the requirements of Section 7.4 have been satisfied;

(c) any neutral retained in connection with alternative dispute resolution proceedings related to this Action;

(d) any court or other shorthand reporter or typist recording or transcribing testimony and its personnel;

(e) jury consultants who have signed the "Acknowledgment and Agreement To Be Bound By Stipulated Protective Order" (Exhibit A);

(f) Professional Vendors to whom disclosure is reasonably necessary for this Action;

(g) a person whose testimony is being taken, subject to Section 7.5 below; and

(h) the Court and its personnel

7.4 *The following procedures shall apply for approving or objecting to the disclosure of Protected Material to an Expert.*

(a) Unless otherwise ordered by the Court or agreed to in writing by the Designating Party, a Party that seeks to disclose Protected Material to an Expert (and his or her necessary support personnel) shall first make a written request to the Designating Party that: (1) sets forth the full name of the Expert and the city and state of his or her primary residence; (2) attaches a copy of the Expert's current resume; (3) identifies the Expert's current employer(s); (4) identifies each person or entity from whom the Expert has received

compensation or funding for work in his or her areas of expertise or to whom the expert has provided professional services, including in connection with a litigation, at any time during the preceding three years; (5) identifies any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding three years; and (6) identifies any patents or patent applications in which the Expert is identified as an inventor or applicant or is involved in prosecuting or maintaining.   The written request shall be accompanied by an "Acknowledgment and Agreement To Be Bound By Stipulated Protective Order" (Exhibit A) executed by the Expert.

(b)   A Party that makes a request and provides the information specified in Section 7.4(a) may disclose Protected Material to the identified Expert ten (10) days thereafter unless, within ten (10) days of delivering the request, the Party receives a written objection from the Designating Party.  Any such objection shall set forth in detail the grounds on which the objection is based.

(c)   A Party that receives a timely written objection shall meet and confer with the Designating Party to try to resolve the matter by agreement within ten (10) days of the written objection.  The Parties shall meet and confer pursuant to Local Rule 37-1.  If the Parties cannot resolve the objection without court intervention, the Parties shall comply with Local Rule 37-2 and draft a joint stipulation pursuant to Local Rule 37-2.  In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

/ / /

/ / /

7.5 *The following procedures shall apply to the use of Protected Material during depositions.*

Except as otherwise approved by the Designating Party or by an order of the Court, Protected Material may be used by a Receiving Party in taking testimony only if the witness is:

> (i) a present employee of the Designating Party;

> (ii) an Expert approved under Section 7.4 above; or

> (iii) a person who is shown on the face of the document containing Protected Material to be an author or recipient of the document.

Additionally, Outside Counsel of Record for the Receiving Party may disclose documents containing Protected Material to a former employee of the Designating Party in preparation for that employee's testimony if such documents on their face identify the former employee as an author or recipient and provided that the preparation is in the presence of Outside Counsel of Record. The former employee shall not be permitted to have a copy of the documents or make notes regarding the documents before, during, or after the preparation for his or her testimony.

**8.    PROSECUTION BAR**

8.1    Any individual that: (i) actually reviews materials designated "HIGHLY CONFIDENTIAL–OUTSIDE COUNSELS' EYES ONLY"; or (ii) who has directly or indirectly learned of any content or information within material designated "HIGHLY CONFIDENTIAL–OUTSIDE COUNSELS' EYES ONLY" (including summaries thereof), shall not be involved in the Prosecution (as defined below) of any patent or application: (a) claiming priority to or otherwise related to the patents asserted in this Action; (b) involving claims to a method, apparatus, or system related to generating customer leads for automobile sales or leasing; or (c) otherwise related to the subject matter of the patents asserted in this Action before any foreign or domestic agency,

including the United States Patent & Trademark Office.  This Prosecution Bar does not apply to materials solely containing financial information (as opposed to technical or other non-financial information).  "Prosecution," as used in this Section, means preparing, drafting, amending, providing any advice, counseling, or otherwise affecting the scope of patent claims in any patent application or issued patent by or on behalf of the patent applicant or patent owner.  "Prosecution" does not include representing a patent owner for the limited purpose of defending the validity of one or more issued patent claims against an invalidity challenge initiated by another party before a domestic or foreign agency (including but not limited to in connection with an *ex parte* or *inter partes* reexamination, a reissue protest, an *inter partes* review, or a covered business method review), wherein the representation does not include preparing, drafting, amending, providing advice, or counseling in connection with modifying the scope of the issued patent claims.  "Prosecution" also does not include activities directed at interpreting existing issued claims or distinguishing existing issued claims from the prior art.

8.2   The Prosecution Bar described herein is effective immediately upon entry of this Order and shall end three (3) years after the Final Disposition of this Action.  The Prosecution Bar is personal to the individual(s) falling within the scope of section 8.1, and shall not be imputed to any other person or entity.

**9.     SOURCE CODE**

(a)   To the extent production of Source Code becomes necessary in this case, a Producing Party may designate Source Code as "HIGHLY CONFIDENTIAL–OUTSIDE COUNSELS' EYES ONLY" if it satisfies the definition of "HIGHLY CONFIDENTIAL–OUTSIDE COUNSELS' EYES ONLY" given in Section 2.3, above.

(b)   Any Source Code produced in discovery shall be made available for inspection in its native format if possible, or if not it shall be made available

in a format allowing it to be reasonably reviewed and searched.

(c)   The Source Code shall be made available for inspection during normal business hours (*i.e.,* 9 am to 5 pm, Monday through Friday (excluding holidays)) or at other mutually agreeable times, at an office of the Producing Party's counsel or another mutually agreed upon location.

(d)   The Source Code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers.   The secured computer shall be equipped with a modern QWERTY keyboard, an optical mouse, mouse pad, two display screens, and sufficient USB or other ports enabled for such configuration.   The secured computer shall be equipped with Windows XP or a later version of the Windows operating system, at least 100 GB of hard disk storage, at least 2 GB of RAM, and a modern processor.

(e)   The secured computer shall contain the tools used for viewing, searching, and compiling the Source Code that are presently used in the ordinary course of the Producing Party's business, including any version control tools and software development tools used by the Producing Party.   In addition, the Receiving Party shall notify the Producing Party of any additional commercially available software tools reasonably requested by the Receiving Party or its Experts to be used exclusively for assisting the reviewing and searching of the Source Code.   Upon request by the Producing Party in writing, the Receiving Party shall provide to the Producing Party the additional commercially available software tools to be used on the secured computer.   The Receiving Party shall provide and pay for the commercially available software tools it requests.

(f)   The Receiving Party shall not copy, remove, or otherwise transfer any portion of the Source Code onto any recordable media or recordable device. Notwithstanding the foregoing, the Receiving Party may bring notepads into the secured room for the sole purpose of taking and reviewing his or her notes.   The

Receiving Party's representatives may take notes relating to the source code, but may not copy the source code into the notes (other than small snippets of code when narrowly tailored and reasonably necessary to facilitate the Receiving Party's furtherance of its claims or defenses in the case).  The notes shall be marked "HIGHLY CONFIDENTIAL–OUTSIDE COUNSELS' EYES ONLY."

(g)   The Producing Party may visually monitor the activities of the Receiving Party's representatives during any Source Code review, but only to ensure that there is no unauthorized recording, copying, or transmission of the source code.

(h)   The Receiving Party may print paper copies of limited portions of Source Code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not print paper copies for the purpose of reviewing the source code other than electronically as set forth in paragraph (c) in the first instance. The Producing Party shall make available a color laser printer with commercially reasonable printing speeds for on-site color printing during inspections of the Source Code. The Producing Party shall provide paper for use in printing Source Code, pre-marked to include bates numbers and the label "HIGHLY CONFIDENTIAL–OUTSIDE COUNSELS' EYES ONLY."  The Producing Party shall keep the originals of the printed Source Code, and color copies shall be made for the Receiving Party within one business day.

(i)   Except as otherwise provided herein, no more than 750 pages of the total Source Code for a software release may be in printed form at any one time.  Additionally, except as otherwise provided herein, the Receiving Party shall not print out any continuous block of Source Code that results in more than thirty (30) consecutive printed pages.  If necessary, the Receiving Party may request to print additional pages in excess of the 750 pages of total Source Code for a software release, or continuous blocks that exceed thirty (30) consecutive

-17-

1    pages, which the Producing Party shall not unreasonably deny.

2         (j)   The Producing Party may challenge the amount of Source Code

3    printed in paper form in excess of 750 pages of the total Source Code for any

4    software release or continuous blocks that exceed thirty (30) consecutive pages.

5    Any challenge shall be made pursuant to the dispute resolution procedure and

6    timeframes set forth in Section 6 with the Producing Party as the "Challenging

7    Party" and the Receiving Party as the "Designating Party" for purposes of

8    dispute resolution.

9         (k)   The Receiving Party shall maintain a record of any individual who

10   has inspected any portion of the Source Code in electronic or paper form. The

11   Receiving Party shall maintain all paper copies that it makes or allows to be

12   made of any printed portions of the source code in a secured, locked area. The

13   Receiving Party shall not create or allow to be created any electronic or other

14   images of the paper copies and shall not convert or allow to be converted into

15   any electronic format any of the information contained in the paper copies. The

16   Receiving Party shall only make additional paper copies if such additional

17   copies are (1) necessary to prepare court filings, pleadings, or other papers

18   (including a testifying expert's expert report), (2) necessary for deposition, or

19   (3) otherwise necessary for the preparation of its case. Any paper copies used

20   during a deposition shall be retrieved by the Producing Party at the end of each

21   day and must not be given to or left with a court reporter or any other

22   unauthorized individual.

23   **10.   PROTECTED MATERIAL SUBPOENAED OR ORDERED**

24   **       PRODUCED IN OTHER LITIGATION**

25        10.1  If a Party is served with a subpoena or a court order issued in

26   another litigation that compels disclosure of any information or items designated

27   in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL–

28   OUTSIDE COUNSELS' EYES ONLY" that Party shall:

(a) Promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b) Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order, and shall include a copy of this Order in such notification; and

(c) Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.  If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce, unless otherwise ordered, any information designated in this Action as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL–OUTSIDE COUNSELS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's written permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

10.2   The provisions set forth herein are not intended to, and do not, restrict in any way the procedures set forth in Federal Rule of Civil Procedure 45(d)(3) or (f).

## 11.    NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

11.1  The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL–OUTSIDE COUNSELS' EYES ONLY."  Such information produced by Non-Parties in connection with this Action is protected by the remedies and relief provided by this Order.  Nothing in these provisions should

1  be construed as prohibiting a Non-Party from seeking additional protections.

2       11.2  In the event that a Party is required by a valid discovery request to

3  produce a Non-Party's confidential information in its possession and the Party is

4  subject to an agreement with the Non-Party not to produce the Non-Party's

5  confidential information, then the Party shall:

6            (a) Promptly notify in writing the Requesting Party and the Non-

7  Party that some or all of the information requested is subject to a confidentiality

8  agreement with a Non-Party; and

9            (b) Promptly provide the Non-Party with a copy of this Order, the

10  relevant discovery request(s), and a reasonably specific description of the

11  information requested.

12       11.3  If the Non-Party fails to object or seek a protective order from this

13  Court within fourteen (14) days of receiving the notice and accompanying

14  information, the Receiving Party may produce the Non-Party's confidential

15  information responsive to the discovery request.  If the Non-Party timely seeks a

16  protective order, the Receiving Party shall not produce any information in its

17  possession or control that is subject to the confidentiality agreement with the

18  Non-Party before a determination by the Court. Absent a court order to the

19  contrary, the Non-Party shall bear the burden and expense of seeking protection

20  in this Court of its Protected Material.

21  **12.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

22       If a Receiving Party learns that, by inadvertence or otherwise, it has

23  disclosed Protected Material to any person or in any circumstance not

24  authorized under this Order, the Receiving Party shall immediately:

25       (a) Notify in writing the Designating Party of the unauthorized

26  disclosures;

27       (b) Use its best efforts to retrieve all unauthorized copies of the Protected

28  Material;

(c)  Inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and

(d)  Request such person or persons to execute the "Acknowledgment and Agreement To Be Bound By Stipulated Protective Order" that is attached hereto as Exhibit A.

**13.    MISCELLANEOUS**

13.1  *Right to Further Relief.*  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2  *Right to Assert Other Objections.*  By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to the use in evidence of any of the material covered by this Order.

13.3  *Filing Protected Material.*  Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this Action any Protected Material.  A Party that seeks to file under seal any Protected Material shall comply with Civil Local Rule 79-5 and Section 9 of the Initial Standing Order (Docket No. 5).

13.4  Nothing in this Order shall bar or otherwise restrict Outside Counsel of Record from rendering advice to his or her client with respect to this Action and, in the course thereof, relying in a general way upon his or her examination of Protected Material produced or exchanged in this Action; provided, however, that, in rendering such advice and in otherwise communicating with his or her client, the attorney shall not disclose (directly or indirectly) the contents of Protected Material produced by any other Party or Non-Party.

/ / /

/ / /

**14.    FINAL DISPOSITION**

14.1  Within sixty (60) days after the Final Disposition of this Action, as defined in Section 4, each Receiving Party shall return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party shall submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that:

(a) Identifies (by category, where appropriate) all the Protected Material that was returned or destroyed; and

(b) Affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Outside Counsel of Record are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4.

**15.    INADVERTENT DISCLOSURE OF PRIVILEGED INFORMATION**

Inadvertent production of information subject to the attorney-client and/or attorney-work-product privileges shall not constitute a waiver of any claim for protection under the privileges, provided that the provisions of this paragraph are satisfied. If the Designating Party discovers that information produced in discovery should have been withheld on the basis of an applicable privilege, the Designating Party must promptly notify all other Parties. In such event, the

Parties must promptly return or destroy the privileged information along with all duplicates regardless of format. Once notified of the production of privileged information, the Receiving Party shall not duplicate or distribute the privileged information by any means other than to return it to the Designating Party. Within fifteen (15) calendar days of notifying all other Parties, the Designating Party shall provide a privilege log to all Parties that lists the privileged information.

**16.    PRIVILEGE LOG**

16.1  No Party shall be required to identify on its respective privilege log any document or communication that is dated on or after the filing of the Complaint in this Action that, absent this provision, the Party would have been obligated to so identify on said privilege log. The Parties shall exchange their respective privilege logs at a time to be agreed upon by the Parties following the production of documents.  Absent such an agreement, the Parties shall produce a privilege log identifying privileged documents within ninety days after the date upon which the privileged documents would have otherwise been produced in the normal course of discovery, but in no event later than thirty days before the close of fact discovery, absent a showing of good cause.  Failure to log a document on a privilege log shall not be a basis for asserting waiver of privilege.

16.2  The contents of the Parties' privilege log(s) shall comply with Rule 26(b)(5) of the Federal Rules of Civil Procedure and, at a minimum, identify each document separately, specifying for each document at least the following: (1) the date; (2) the author(s)/sender(s); (3) the recipient(s), including copy recipient(s); (4) the general subject matter of the document; and (5) the type of privilege claimed. The sender(s) and recipient(s) shall be identified by position and entity (corporation or firm, etc.) with which they are employed or

associated. If the author/sender or recipient is an attorney, he or she shall be so identified.

      **IT IS SO ORDERED.**

Dated: July 14, 2014

                        Hon. Jean P. Rosenbluth
                        United States Magistrate Judge

**APPROVED AS TO FORM AND CONTENT:**

Date: July 11, 2014          Date: July 11, 2014

*/s/ Cheryl T. Burgess*        */s/ Jeffrey W. Lesovitz (with permission)*
Craig S. Summers             Steven J. Rocci
David G. Jankowski          Henrik D. Parker
Cheryl T. Burgess           J. David Bournazian
**KNOBBE, MARTENS, OLSON**   Jeffrey W. Lesovitz
**& BEAR, LLP**              **BAKER & HOSTETLER LLP**

Attorneys for Plaintiff/         Attorneys for Defendants/
Counterclaimant,              Counterclaimant,
**AUTOALERT, INC.**           **DOMINION DEALER**
                        **SOLUTIONS, LLC,**
                        **AUTOBASE, INC., and**
                        **110 REYNOLDS, LLC**

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUTOALERT, INC., | ) SACV12-01661 JLS (JPRx) |
| Plaintiff, | ) |
| v. | ) **ACKNOWLEDGMENT AND** |
| | ) **AGREEMENT TO BE BOUND BY** |
| DOMINION DEALER SOLUTIONS, | ) **STIPULATED PROTECTIVE** |
| LLC; AUTOBASE, INC.; and 110 | ) **ORDER** |
| REYNOLDS, LLC, | ) |
| | ) The Hon. Josephine L. Staton |
| Defendants. | ) District Judge |
| | ) |
| | ) The Hon. Jean P. Rosenbluth |
| AND RELATED COUNTERCLAIMS | ) Magistrate Judge |

I certify that I have read and am familiar with the terms of the Stipulated Protective Order entered in the above-captioned lawsuit, a copy of which is attached. I agree to be bound by the terms of that Order, and I agree I will use CONFIDENTIAL and HIGHLY CONFIDENTIAL—OUTSIDE COUNSELS' EYES ONLY information and items only in a manner authorized by the Order, and only to assist counsel in this lawsuit. I agree that I will not disclose or discuss CONFIDENTIAL and HIGHLY CONFIDENTIAL—OUTSIDE COUNSELS' EYES ONLY information and items with anyone except as authorized by the terms of the Order.

I further understand my obligation to return and/or destroy documents as set forth in Section 14 of the Order and agree to be bound thereto. I hereby submit to the jurisdiction of this Court for the purpose of ensuring compliance with this Order.

Dated: _____   Signature:_____

Printed Name:_____