Steven J. Rocci (*pro hac vice*)
Henrik D. Parker (*pro hac vice*)
Jeffrey W. Lesovitz (*pro hac vice*)
Ronald C. Kern, Jr. (*pro hac vice*)
**BAKER & HOSTETLER LLP**
2929 Arch Street, 12th Floor
Philadelphia, PA  19104-2891
Email:  hparker@bakerlaw.com
        srocci@bakerlaw.com
        jlesovitz@bakerlaw.com
        rkern@bakerlaw.com
Telephone:  215.568.3100
Facsimile:  215.568.3439

J. David Bournazian (State Bar No. 186194)
**BAKER & HOSTETLER LLP**
600 Anton Boulevard, Suite 900
Costa Mesa, CA  92626-7221
Email:  dbournazian@bakerlaw.com
Telephone:  714.754.6600
Facsimile:  714.754.6611

Attorneys for Defendant and Counterclaimant
Dominion Dealer Solutions, LLC, and
Defendants AutoBase, Inc. and 110 Reynolds, LLC

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
PHILADELPHIA

# IN THE UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### SANTA ANA DIVISION

| | |
|---|---|
| AUTOALERT, LLC,<br><br>          Plaintiff,<br><br>     v.<br><br>DOMINION DEALER SOLUTIONS, LLC; AUTOBASE, INC.; and 110 REYNOLDS, LLC,<br><br>          Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No.: SACV12-01661 JLS (JPRx)<br><br>**DEFENDANTS' *EX PARTE* APPLICATION FOR AN ORDER ENTERING PTAB DECISION INSTITUTING IPR TRIAL AS TO ASSERTED PATENT INTO RECORD FOR CLAIM CONSTRUCTION AND SUMMARY JUDGMENT OF INDEFINITENESS**<br><br>Date: October 8, 2014<br><br>The Hon. Josephine L. Staton |

**TO THE COURT, ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, by this *ex parte* application (the "Application"), Defendant and Counterclaimant Dominion Dealer Solutions, LLC and Defendants AutoBase, Inc. and 110 Reynolds, LLC (collectively "the Dominion Defendants") hereby respectfully request that the above-entitled Court (Hon. Josephine Staton, United States District Judge, presiding), located at Courtroom 10A, 411 W. 4th Street, Santa Ana, California 92701, grant the following relief in the above-captioned action (the "Action") on an expedited basis:

1. Enter the decision instituting a trial in the United States Patent and Trademark Office in Case IPR2014-00684 that issued on October 6, 2014, from the Patent Trial and Appeal Board (Paper No. 9) ("the Institution Decision") into the record for purposes of the currently pending claim construction proceedings;

2. Enter that same Institution Decision into the record evidence of 110 Reynolds' pending Motion For Summary Judgment Of Invalidity under 35 U.S.C. § 112 For Indefiniteness (ECF Nos. 83-86) ("the Indefiniteness MSJ"); and

3. Consider that Institution Decision when ruling on the pending claim construction issues and on the summary judgment motion.

The PTAB's Institution Decision, *inter alia*, reached two conclusions that are directly contrary to positions repeatedly taken by AutoAlert before this Court and directly illustrate the lack of merit in AutoAlert's arguments. In particular, deciding that AutoAlert did not establish that the invention of the patents was "predictive" in nature, and also that the Dominion Defendants' Dominick Minotti's experience "qualifies him to testify as an expert witness."

*Ex parte* relief is appropriate here because: (a) the claim construction issues are already fully briefed, argued, and under submission such that a claim

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
PHILADELPHIA

construction ruling may issue at any time; (b) the pending Indefiniteness MSJ is already fully briefed, argued, and under submission such that a ruling on the motion may issue at any time; and, (c) the Dominion Defendants have sought agreement from AutoAlert, LLC ("AutoAlert") that the evidence underlying this application may be submitted jointly along with an explanation of its relevance to the claim construction issues and the Indefiniteness MSJ but AutoAlert would not agree to such a joint submission. Given the unique impact of the Institution Decision having just been issued on October 6, 2014, and the time-sensitive nature of the fact that the Court may issue rulings on the claim construction disputes and/or the Indefiniteness MSJ at any moment, exigent circumstances exist and this relief must be sought on an *ex parte* basis.

In the alternative, the Dominion Defendants request an opportunity to fully brief and present argument on the significance of the Patent Trial and Appeal Board's decision to institute a trial in the United States Patent and Trademark Office in Case IPR2014-00684, and that decision's effect on the claim construction disputes and the Indefiniteness MSJ.

This Application is supported by the attached Memorandum, the accompanying Declaration of Henrik D. Parker ("Parker Decl.") and the exhibits thereto, the pleadings and other records on file in the Action, matters that may properly be judicially noticed by the Court, and such other and further evidence and argument as may be presented to the Court in connection with the determination of the Application.

The undersigned certifies (as further discussed in the accompanying Parker Declaration) that the Dominion Defendants conveyed their intent to seek the relief encompassed by this Application in correspondence sent this afternoon to AutoAlert's counsel, Craig Summers, with copies to his co-counsel David Jankowski and Cheryl Burgess (Parker Decl. Exhibit B), as well as through a confirmatory telephone calls. Further, these moving papers are personally served

DEFENDANTS' *EX PARTE* APPLICATION TO ENTER PTAB DECISION INTO
RECORD OF PENDING CLAIM CONSTRUCTION PROCEEDINGS & SUMMARY JUDGMENT MOTION

on opposing counsel and with notice that any opposition must be filed within twenty-four hours.

At this time, AutoAlert has not agreed to the Dominion Defendants' suggested relief to present the October 6, 2014, decision instituting a trial in the United States Patent and Trademark Office in Case IPR2014-00684 into the record for purposes of the currently-pending claim construction proceedings and the Indefiniteness MSJ. Therefore, this application is brought to make the October 6, 2014, decision instituting a trial in the United States Patent and Trademark Office in Case IPR2014-00684 part of the record for purposes of the currently-pending claim construction proceedings and the Indefiniteness Motion for Summary Judgment, and to discuss its impact, under the order accompanying this Application.

Dated: October 8, 2014    Respectfully submitted,

BAKER & HOSTETLER LLP

By: */s/ Henrik D. Parker*
Henrik D. Parker

Attorneys for Defendant and Counterclaimant Dominion Dealer Solutions, LLC, and Defendants AutoBase, Inc., and 110 Reynolds, LLC

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
PHILADELPHIA

## MEMORANDUM IN SUPPORT OF *EX PARTE* APPLICATION

Earlier this week, the Patent Office entered a decision instituting a trial ("the Institution Decision") as to the invalidity of U.S. Patent No. 8,396,791 ("the '791 patent") – one of the five patents here in suit (Parker Dec. Exh. A). While the basis for the Institution Decision was the likely obviousness of the challenged claims in view of certain prior art, the Patent Trial and Appeal Board ("the PTAB") also reached two conclusions that directly bear on issues currently under submission in this action: (a) claim construction; and (b) 110 Reynolds' Motion For Summary Judgment Of Invalidity under 35 U.S.C. § 112 For Indefiniteness (ECF Nos. 83-86) ("the Indefiniteness MSJ"). In particular, the PTAB concluded that it was "unpersuaded" that the invention of the patents was "predictive" in nature, and also specifically found that the Dominion Defendants' Dominick Minotti's experience "qualifies him to testify as an expert witness." Those two conclusions are both directly contrary to positions repeatedly taken by AutoAlert before this Court and directly illustrate the lack of merit in AutoAlert's arguments.

Because the PTAB's expert and reasoned analysis on these points is strong evidence supporting the Dominion parties' claim construction and indefiniteness positions, and because the Institution Decision did not issue until after oral argument to this Court on those issues, the Dominion Defendants apply for an *ex parte* order: (1) to include the Institution Decision as part of the evidentiary record for both claim construction and the Indefiniteness MSJ; and (2) for this Court to consider the impact and wisdom of that Institution Decision on those issues.

While the Dominion Defendants sought AutoAlert's[1] agreement to this relief and to a joint submission pointing out the pertinence of the Institution Decision to the issues before this Court (*see* Parker Declaration at ¶¶3-4), AutoAlert has not agreed, effectively forcing the filing of this *ex parte* application.

---

[1] AutoAlert is represented by Craig Summers, David Jankowski, and Cheryl Burgess of Knobbe Martens Olson & Bear LLP, 2040 Main Street, 14th Fl., Irvine, CA 92614; T: 949.760.0404.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
PHILADELPHIA

## I. CASE STATUS AND THIS WEEK'S PTAB DECISION

Currently pending before the Court are two significant issues: (1) claim construction of various disputed claim terms in the five asserted patents; and (2) 110 Reynolds' Motion For Summary Judgment Of Invalidity under 35 U.S.C. § 112 For Indefiniteness (ECF Nos. 83-86) ("the Indefiniteness MSJ") drawn to three of the disputed claim terms. Both of these issues have been fully briefed, including the submission of declarations from alleged experts, and a lengthy hearing/oral argument was held on September 29th. At the conclusion of the hearing, both issues were taken under submission (ECF NO. 99) with no indication given as to when rulings would be issued.

Earlier this year, on April 23rd, Dominion Dealer Solutions, LLC ("Dominion") had filed a Petition with the PTAB requesting an *inter partes* review of claims 1, 3, 4, 6, and 7 of the '791 patent. The basis for the review sought was that the asserted claims are invalid as obvious in view of two pieces of prior art.

In responding to that Petition in the Patent Office, AutoAlert made much the same contentions as it has made to this Court in the claim construction and Indefiniteness MSJ briefing. In particular, AutoAlert contended that: (a) the invention of the patents is "predictive" (*see* Exhibit A at 21, lines 6-8); and (b) the Dominion Defendants' Dominick Minotti is not qualified to testify as an expert with the respect to the claimed inventions (*id.* at 27, lines 2-3).

On October 6th – a week after the hearing/oral argument on the claim construction and Indefiniteness MSJ issues – the PTAB issued its decision on the Petition for *Inter Partes* Review, determining that:

> Dominion has established a reasonable likelihood that it would prevail in showing, under 35 U.S.C. § 103, the unpatentability of each of claims 1, 3, 4, 6, and 7 of the '791 patent as obvious over Sheets and Kuttan. Thus, pursuant to 35 U.S.C. § 314(a), we institute an *inter partes* review as to claims 1, 3, 4, 6, and 7 of the '791 patent.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
PHILADELPHIA

(*Id.* at 2.)  Beyond its central conclusion, the Institution Decision also makes two conclusions that directly bear on the claim construction and Indefiniteness MSJ issues before this Court. First, the PTAB found that the invention was not necessarily "predictive":

> AutoAlert's Preliminary Response takes the position that the invention of claims 1 and 6 is "predictive" and, thus, requires that the desires of potential customers are unknown. Prelim. Resp. 21–22. ***We are not persuaded by AutAlert's (sic) position*** because AutoAlert has not identified and explained adequately what limitation in the claims imposes that requirement. . . . neither "predict" nor "predictive" is recited in any claim.

(*Id.* at 21; emphasis added.)  Second, the PTAB found that the person of ordinary skill in the art did not have to have the type of computer science education argued by AutoAlert to be required, and that Mr. Minotti was an expert in the appropriate subject matter of the patents:

> AutoAlert contends that Mr. Minotti is not qualified to testify as an expert with respect to the claimed invention of the '791 patent. Prelim. Resp. 45. ***We disagree.*** The subject matter of the claimed invention involves both sales and marketing, particularly vehicle sales and marketing, and computer applications directed to sales support and marketing. The person of ordinary skill in the art is a hypothetical person. No real person has to possess substantial qualifications in each discipline that is involved in the subject matter of the claim. Thus, ***it is inconsequential that Mr. Minotti has never been employed professionally to develop computer software or any other technology***, and that his resume identifies his connection to computers solely as knowledge of commercially available software applications. On the present record, ***Mr. Minotti's experience in vehicle sales and***

*marketing qualifies him to testify as an expert witness in this proceeding.*

(*Id.* at 27; emphasis added.)

## II. THE PTAB'S CONCLUSION THAT AUTOALERT IS WRONG BOTH ABOUT WHO QUALIFIES AS A PERSON OF ORDINARY SKILL IN THE ART AND AS TO MR. MINOTTI'S EXPERTISE EVISCERATES MANY OF AUTOALERT'S CLAIM CONSTRUCTION AND INDEFINITENESS ARGUMENTS

While the Dominion Defendants continue to believe that there is no reason for the Court to consider "expert" testimony when resolving the claim construction disputes and the Indefiniteness MSJ given the straightforward nature of the language, to the extent that expert testimony is to be considered, the PTAB decision wholly emasculates AutoAlert's positions and extrinsic evidence.

One of AutoAlert's principal contentions – both in its Responsive Brief On Claim Construction (ECF No. 88) and its Opposition to 110 Reynolds' Motion For Summary Judgment (ECF No. 95) – is that a person of ordinary skill in the art has to have "at least a Bachelor's Degree in Computer Science or a related discipline and several years of industry experience in the use and implementation of pertinent computer applications" (ECF No. 88 at 2; *see also* ECF No. 95 at 10; Carbonell Decl. (ECF No. 82) at ¶15). On that unsupported platform, AutoAlert then repeatedly attacked both the Dominion Defendants and Dominick Minotti, arguing that Mr. Minotti did not qualify as an expert and that, thus, 110 Reynolds had not offered any evidence "from the perspective of a person of ordinary skill in the art" (ECF NO. 95 at 10-11; *see also* ECF NO. 88 at 1-2).

The PTAB has now found that these contentions, and all of the arguments that flow from them, are wrong. The PTAB explicitly found that Mr. Minotti – despite not having a computer science degree or being a software developer –

"qualifies. . . to testify as an expert witness" (Exh. A at 27).[2] Consequently:

-- The entire section of AutoAlert's Responsive Brief On Claim Construction entitled "Dominion Relies Upon The Wrong Person Of Ordinary Skill" (ECF NO. 88 at 1-2) is wrong;

-- AutoAlert's Dr. Carbonell was wrong about who qualifies as a person of ordinary skill (ECF NO. 82) at ¶15;

-- AutoAlert was wrong in repeatedly relying on that Carbonell opinion about who qualified (*see, e.g.,* ECF NO. 95 at 10:3-9; AutoAlert's Stmt. Of Gen. Disputes In Opp. To 110 Reynolds' Motion For Summary Jdgmt. (ECF NO. 96) at alleged Uncontroverted Fact 35);

-- AutoAlert was wrong when it accused 110 Reynolds of being wrong to assert that a person of ordinary skill could be an auto dealer (ECF NO. 95 at 9); and

-- The entire section of AutoAlert's Opposition To 110 Reynolds' Motion For Summary Judgment entitled "Reynolds Presents No Evidence From The Perspective Of A Person Of Ordinary Skill In The Art" (ECF NO. 95 at 10-11) is wrong.

Moreover, because AutoAlert's Dr. Carbonell explicitly mis-defines the relevant person of ordinary skill in the art, *all* of his subsequent opinions about how the person of ordinary skill would understand the patent specification and the disputed claim terms are, at absolute best, highly suspect. As *all* of his opinions about those terms are stated to be from the viewpoint of what the PTAB found to be the *wrong* person of ordinary skill in the art, those opinions – including, at least ¶¶25, 30, 32, 34, 37, and 42-44 of his Declaration – are simply unreliable. The same is true of any AutoAlert arguments or conclusions premised on those mis-

---

[2] While the Institution Decision was in delivered in the context of the '791 patent, the PTAB's logic and conclusions are wholly applicable to the other four patents in suit as well since each of them has the identical substantive specification and, thus, each has the same teachings as the '791 patent.

founded opinions.[3] They should not be credited, nor can they properly contradict the expert testimony of Mr. Minotti – someone who actually was one of ordinary skill and who opined from a proper perspective.

### III. THE PTAB'S CONCLUSION THAT AUTOALERT IS WRONG ABOUT THE NATURE OF THE ALLEGED INVENTION OF THE ASSERTED PATENTS FURTHER UNDERMINES AUTOALERT'S POSITIONS

If the PTAB's total rejection of AutoAlert's "person of ordinary skill" contentions – and the critical effect that such rejection has on the entirety of Dr. Carbonell's testimony – is not enough, the PTAB also explicitly disagreed with one of AutoAlert's other central arguments: that the claimed invention is "predictive":

> ***We are not persuaded by AutAlert's (sic) position*** because AutoAlert has not identified and explained adequately what limitation in the claims imposes that requirement. . . . neither "predict" nor "predictive" is recited in any claim.

(Exh. A at 21; emphasis added.) Thus, the numerous times that AutoAlert argued against the Indefiniteness MSJ on the basis that the invention was "predictive" (*see, e.g.,* AutoAlert's Opp. To 110 Reynolds' Motion For Summary Jdgmt. (ECF NO. 95) at 14:6-9, 16:4, and 21:9-10), or simply described the alleged inventions in that way (*see, id.*, at 3:5-6, 4:3, 6:24; AutoAlert's Opening Brf. On Claim Constr. At 3:5, 4:8-11, 20:9-13, and 21:9-13) were all mis-guided and should not be considered.

---

[3] This includes, at a minimum, AutoAlert's Opening Brf. On Claim Constr. (ECF NO. 77) at 14:8-10, 16:4-6, 19:5-8, 21:17-20, and 25:12-15; its Opp. To 110 Reynolds' Motion For Summary Judgment (ECF NO. 95) at 14:14-15, 16:15-17, and 18:7-9; and its Stmt. Of Gen. Disputes In Opp. To 110 Reynolds' Motion For Summary Jdgmt. (ECF NO. 96) at alleged Uncontroverted Facts 39-44, 50-51, 53-55, and 58-62.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
PHILADELPHIA

Perhaps most egregious in this regard is the assertion that "[t]he patent claims all require *making a prediction* that a possible sales lead is associated with a potential favorable sales opportunity" (AutoAlert's Opp. To 110 Reynolds' Motion For Summary Jdgmt. (ECF NO. 95) at 6; emphasis original). Not only is it not true that "all" of the patent claims require making a prediction, the PTAB found that the invention did not involve being "predictive."

Although 110 Reynolds has presented numerous dispositive and fully supported arguments as to the indefiniteness of the "may affect whether it is favorable" and "preset acceptable threshold value" claim terms, this conclusion renders most of AutoAlert's counter-arguments inappropriate and not reliable.

## IV. CONCLUSION

The Court should make the October 6, 2014, Institution Decision part of the record as to both the claim construction proceedings and the Indefiniteness MSJ, as well as consider the impact and wisdom of that Institution Decision on those pending items.

Dated:  October 8, 2014

Respectfully submitted,

BAKER & HOSTETLER LLP

By: */s/ Henrik D. Parker*
Henrik D. Parker

Attorneys for Defendant/Counterclaimant Dominion Dealer Solutions, LLC, as well as Defendants AutoBase, Inc. and 110 Reynolds, LLC