Craig S. Summers (SBN 108,688)
craig.summers@knobbe.com
David G. Jankowski (SBN 205,634)
david.jankowski@knobbe.com
Cheryl T. Burgess (SBN 250,101)
cheryl.burgess@knobbe.com
**KNOBBE, MARTENS, OLSON & BEAR, LLP**
2040 Main Street, Fourteenth Floor
Irvine, CA  92614
Telephone:   (949) 760-0404
Facsimile:   (949) 760-9502

Attorneys for Plaintiff/Counterdefendant
**AUTOALERT, LLC**

IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AUTOALERT, LLC, | ) SACV12-01661 JLS (JPRx) |
| Plaintiff, | ) |
| v. | ) **AUTOALERT, LLC'S *EX PARTE* APPLICATION TO STAY THIS ACTION PENDING RESOLUTION OF IPR AND CBM PROCEEDINGS IN THE U.S. PATENT & TRADEMARK OFFICE OR, IN THE ALTERNATIVE, TO CONTINUE THE HEARING ON AUTOBASE'S MOTION FOR SUMMARY JUDGMENT BY TWO WEEKS TO DECEMBER 19, 2014** |
| DOMINION DEALER SOLUTIONS, LLC; AUTOBASE, INC.; and 110 REYNOLDS, LLC, | ) |
| Defendants. | ) |
| AND RELATED COUNTERCLAIMS | ) |
| | ) Date:   N/A |
| | ) Time:   N/A |
| | ) Ctrm:   N/A |
| | ) |
| | ) The Hon. Josephine L. Staton |

# TABLE OF CONTENTS

**Page No.**

I.      INTRODUCTION ................................................................................1

II.     BACKGROUND .................................................................................2

    A.    Procedural Posture ....................................................................2

        1.    The First Stay Of This Lawsuit .......................................2

        2.    The Current State Of This Lawsuit ..................................3

    B.    The Pending Petitions For Inter Partes Review And
        Covered Business Method Review Of AutoAlert's
        Patents .......................................................................................4

    C.    Judge Otero Has Already Stayed AutoAlert's Co-
        Pending Lawsuit Against DealerSocket Based On The
        Pending CBM Proceedings .......................................................5

III.    EX PARTE RELIEF IS APPROPRIATE .........................................6

IV.     THE ACTION SHOULD BE STAYED PENDING THE PTO
    PROCEEDINGS .................................................................................6

    A.    Granting A Stay Will Simplify The Issues In Question
        And Streamline Trial ................................................................8

    B.    This Action Is Not In A Late Stage, Favoring Grant Of A
        Stay .............................................................................................9

    C.    A Stay Will Not Cause Undue Prejudice Or Tactical
        Disadvantage To The Dominion Defendants .........................11

    D.    A Stay Will Reduce The Burden Of Litigation On The
        Parties And On The Court ........................................................12

V.      IF A STAY IS NOT GRANTED, THEN, IN THE
    ALTERNATIVE, THE HEARING ON AUTOBASE'S
    SUMMARY JUDGMENT MOTION UNDER 35 U.S.C. §101
    SHOULD BE CONTINUED ...........................................................13

VI.     CONCLUSION ...............................................................................14

# TABLE OF AUTHORITIES

**Page No(s).**

*AutoAlert, Inc. v. Dominion Dealer Solutions, LLC*,
   No. SACV 12-1661-JST, 2013 WL 8014977
   (C.D. Cal. May 22, 2013) ........................................................................ 7

*Bausch & Lomb Inc. v. Alcon Lab., Inc.*,
   914 F. Supp. 951 (W.D.N.Y. 1996) ..................................................... 11, 12

*Credit Acceptance Corp. v. Westlake Servs., LLC*,
   No.  CV 13-01523 SJO MRNX, 2013 WL 7144391
   (C.D. Cal. Dec. 30, 2013) ................................................................... 12, 13

*Echostar Techs. Corp. v. TiVo, Inc.*,
   No. 05cv81, 2006 WL 2501494 (E.D. Tex. July 14, 2006) .......................... 12

*Industry Access v. CoreLogic, Inc.*,
   No.  8:11-cv-00473 (motion filed Dec. 15, 2011; Feb. 28, 2012,
   Docket No. 23-2, Ex. F) .................................................................. 10

*Inogen, Inc. v. Inova Labs, Inc.*,
   No. SACV 11–1692–JST, 2012 WL 4748803
   (C.D. Cal. March 20, 2012) ........................................................... 10

*Pegasus Dev. Corp. v. Directv, Inc.*,
   No. CV-00-1020-GMS, 2003 U.S. Dist. LEXIS 8052
   (D. Del. May 14, 2003) ....................................................................... 8

*Semiconductor Energy Lab. Co. v. Chimei Innolux Corp.*,
   No. SACV 12-21-JST JPRX, 2012 WL 7170593
   (C.D. Cal. Dec. 19, 2012) ................................................................ 8, 10

*Softview Computer Prods. Corp. v. Haworth, Inc.*,
   No. 97-cv-8815, 2000 U.S. Dist. LEXIS 11274
   (S.D.N.Y. Aug. 10, 2000)..................................................................... 11

*Symantec Corp. v. M86 Security, Inc.*,
   No. 8:10-cv-01513 (motion filed Jan. 31, 2011; April 21, 2011
   Order – Docket No. 23-2, Ex. G – at 2) ......................................... 10

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*VirtualAgility Inc. v. Salesforce.com, Inc.*,
    759 F.3d 1307 (Fed. Cir. 2014) ................................................................ 8, 12

**OTHER AUTHORITIES**

35 U.S.C. §101 ......................................................................................... *passim*

35 U.S.C. §103 .................................................................................................. 5

35 U.S.C. §112 ............................................................................................. 3, 5

AIA § 18 ........................................................................................................ 7, 8

157 CONG. REC. S1363 (daily ed. Mar. 8, 2011) ......................................... 8

Pursuant to Local Rule 7-19, AutoAlert, LLC hereby applies to this Court *ex parte* for an order staying the case pending the resolution of seven challenges to the validity of AutoAlert's five asserted patents currently pending before the U.S. Patent and Trademark Office ("PTO").

This *ex parte* application is based on this Notice of Application, the accompanying Memorandum of Points and Authorities, and any oral argument that may be permitted by the Court.  A Proposed Order is being lodged for the Court's consideration.

In accordance with Local Rule 7-19.1, on November 4, 2014 AutoAlert conveyed its intent to seek a stay of this action by email to Defendants' counsel, including but not limited to Steven Rocci at SRocci@bakerlaw.com and Henrik Parker at HParker@bakerlaw.com, Baker & Hostetler LLP.  On November 5, 2014, Mr. Rocci responded by email that he was checking with his clients.  On November 6, 2014, having received no further response, AutoAlert's counsel followed up with Defendants' counsel by email, requesting a response by November 7, 2014, and indicating that AutoAlert would seek *ex parte* relief if the parties could not stipulate to a stay.

On November 7, 2014, Mr. Rocci left a voicemail for David Jankowski, counsel for AutoAlert, stating that Defendants could not agree to a stay, and he provided his availability that day for a phone call.   Soon thereafter, AutoAlert's counsel provided Defendants' counsel with a draft stipulation and draft Proposed Order to effectuate a stay of the case.  Counsel then conducted a telephonic meet-and-confer on AutoAlert's proposed relief and a possible *ex parte* application.   Craig Summers and David Jankowski participated for AutoAlert.  Mr. Rocci, Henrik Parker, and David Bournazian participated for Defendants.  The parties tried but failed to reach an agreement during the phone

/ / /

/ / /

call.   Defendants indicated during the call that they will be opposing this *ex parte* application.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: November 10, 2014        By: */s/ David G. Jankowski*
                                    Craig S. Summers
                                    David G. Jankowski
                                    Cheryl T. Burgess

                                    Attorneys for Plaintiff/Counterdefendant,
                                    AUTOALERT, LLC

## MEMORANDUM IN SUPPORT OF *EX PARTE* APPLICATION

## I.  INTRODUCTION

In 2013, Defendants moved this Court for a stay based on the mere possibility that the Patent Office would institute five Inter Partes Reviews ("IPRs") filed by Dominion Dealer Solutions.  The Court granted that motion and stayed the lawsuit pending resolution of the Patent Office proceedings. Subsequently, the Patent Office denied each of the five IPR petitions, and AutoAlert moved the Court to lift the stay.  Defendants opposed lifting the stay based on a separate lawsuit they had filed against the PTO in Virginia and a petition for a writ of mandamus they had filed with the Court of Appeals for the Federal Circuit, each of which sought an order compelling the PTO to institute the IPR reviews that had been denied.  Recognizing that the Patent Office was no longer reviewing the validity of AutoAlert's patents, this Court lifted the stay.

Now, the parties are again facing the prospect of simultaneously litigating patent issues relating to AutoAlert's patents in both this Court and in the PTO. The same factors the Court considered when it granted a stay in 2013 still apply, and the same reasoning the Court used when granting the stay in 2013 still applies.  In fact, the need for stay is more apparent now than it was when the Court granted the first stay of this lawsuit.  Unlike in 2013, the Patent Office has actually instituted one IPR review and two Covered Business Method ("CBM") reviews of AutoAlert's patents.  Unlike in 2013, the parties now are past the petition stage and are litigating the validity issues with the PTO.  As explained below, it appears very likely that AutoAlert will soon be facing seven separate PTO proceedings (six CBM reviews initiated by DealerSocket, and one IPR review initiated by Dominion) that collectively challenge all of AutoAlert's five patents on multiple invalidity grounds.

/ / /

The ongoing PTO proceedings may greatly simplify this lawsuit.  If the PTO decides that all of AutoAlert's challenged patent claims are invalid, and those decisions are affirmed on appeal, this lawsuit will go away in its entirety.  Alternatively, if some or all of the challenged patent claims are upheld, the issues in this lawsuit will be simplified.  AutoAlert thus respectfully submits that a stay of the litigation in this Court will avoid potentially unnecessarily waste of both judicial resources and party resources.

If the Court declines to stay this action, then AutoAlert respectfully requests in the alternative that the hearing on AutoBase's motion for summary judgment (Docket No. 109) be continued to December 19, 2014, so that the deadline for AutoAlert's opposition is extended by two weeks to November 28, 2014.  This continuance is necessary to allow AutoAlert to have sufficient time to oppose the summary judgment motion and to also take into account AutoAlert's related Patent Owner Responses that are due in December in the PTO on DealerSocket's CBM challenges on the same issue.

## II.  BACKGROUND

### A.    Procedural Posture

On October 1, 2012, AutoAlert filed its Complaint against the Dominion Defendants alleging infringement of five AutoAlert patents.  (Docket No. 34.)

### 1.    The First Stay Of This Lawsuit

On March 28, 2013, Dominion filed five petitions with the United States Patent and Trademark Office for *inter partes* review ("IPR") of each of the patents-in-suit.  On April 2, 2013, Dominion filed a motion to stay the action "(a) until the PTO decides whether or not to grant the pending IPR requests; and (b) if one or more of those requests are granted, until any such IPRs are finally resolved."  (Docket No. 23).  On May 22, 2013, this Court granted the motion.  (Docket No. 41).

/ / /

In August 2013, the Patent Office denied all five IPR petitions. In October 2013, the Patent Office denied Dominion's five requests for reconsideration.   At that point, AutoAlert sought Defendants' agreement to jointly seek a lifting of the stay.  Defendants declined, contending that they were entitled to further "appeal" the denial of the IPR petitions.  On December 4, 2012, AutoAlert filed a motion to lift the stay (Docket No. 44), which the Court granted on January 1, 2014, finding that "[n]either the Court's Stay Order nor Defendants' motion to stay contemplated continuing the stay after the denial of a request for review."  (Docket No. 53.)

## 2. <u>The Current State Of This Lawsuit</u>

On February 13, 2014, the Court entered a Scheduling Order and Order Re Claim Construction Briefing.  (Docket No. 55.)  The parties conducted claim construction briefing in July and August, and the Court held a Claim Construction Hearing on September 29, 2014.  (Docket Nos. 77–82, 88–89, 99.)  The parties also conducted briefing on 110 Reynolds' motion for summary judgment of invalidity under 35 U.S.C. §112 for indefiniteness in August and September, which the Court also addressed at the Claim Construction Hearing.  (Docket Nos. 83–86, 95–99.)  The Court has not yet issued a claim construction order or ruled on the summary judgment motion for invalidity based on indefiniteness.

On October 31, 2014, Autobase filed a motion for summary judgment of invalidity under 35 U.S.C. §101 for lack of patent eligibility.   AutoAlert's opposition is due on November 14, 2014.

Fact discovery is set to close on March 13, 2015, and expert discovery is set to close on May 22, 2015.  Trial is set for August 4, 2015, approximately 10 months away.  (Docket No. 55.)

The parties are in the midst of fact discovery and no depositions have been taken.

**B.**     **The Pending Petitions For Inter Partes Review And Covered Business Method Review Of AutoAlert's Patents**

When the Court first stayed this lawsuit in 2013, it did so in response to Dominion's filing in the PTO of five IPR petitions directed at AutoAlert's patents. Since the denial of those petitions, Dominion and third party DealerSocket have together filed nine additional petitions seeking PTO review of AutoAlert's patents. Of those nine additional petitions, the PTO has dismissed two and granted three, leaving four more to be decided.

In early October, the PTO issued a Decision instituting an IPR review of AutoAlert's U.S. Patent No. 8,396,791 ("'791 patent") (PTO Case No. IPR2014-00684). Defendants have already provided the Court with a copy of the Decision. (Docket No. 100-1.)

Later in October, based on petitions filed by DealerSocket, the PTO issued Decisions instituting CBM reviews of AutoAlert's U.S. Patent Nos. 8,095,461 ("'461 patent") and 8,396,791 ("'791 patent"). AutoAlert and Defendants jointly submitted copies of those PTO Decisions to the Court. (Docket Nos. 106, 108.)

The PTO also has pending before it four additional petitions filed by DealerSocket that seek to institute CBM reviews of AutoAlert's U.S. Patent No. 7,827,099 ("'099 patent"); U.S. Patent No. 8,005,752 ("'752 patent"), and U.S. Patent No. 8,086,529 ("'529 patent"). Collectively, AutoAlert's patents are presently being challenged through the following PTO proceedings:

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

-4-

| PTO Case No. | Patent | Grounds | Status With PTO |
|---|---|---|---|
| IPR2014-00684 | '791 | 35 U.S.C. §103 | Review Instituted |
| CBM2014-00132 | '461 | 35 U.S.C. §§101, 112 | Review Instituted |
| CBM2014-00139 | '791 | 35 U.S.C. §§101, 112 | Review Instituted |
| CBM2014-00146 | '529 | 35 U.S.C. §§101, 112 | Petition Pending |
| CBM2014-00201 | '099 | 35 U.S.C. §112 | Petition Pending |
| CBM2014-00202 | '099 | 35 U.S.C. §101 | Petition Pending |
| CBM2014-00203 | '752 | 35 U.S.C. §§101, 112 | Petition Pending |

**C.**   **Judge Otero Has Already Stayed AutoAlert's Co-Pending Lawsuit Against DealerSocket Based On The Pending CBM Proceedings**

AutoAlert's lawsuit against the Dominion Defendants is one of two lawsuits AutoAlert filed for patent infringement.  The second lawsuit, filed against DealerSocket, is pending in this Court before Judge S. James Otero. (SA CV 13-00657 SJO (JPRx)).   In addition to filing CBM petitions, DealerSocket also filed a motion with Judge Otero to stay AutoAlert's patent infringement lawsuit.  (SA CV 13-00657, Docket No. 148).  On July 18, 2014, Judge Otero granted that motion and stayed the DealerSocket litigation pending resolution of DealerSocket's CBM petitions.  (SA CV 13-00657, Docket No. 190.)

As noted above, DealerSocket currently has two instituted CBM reviews pending against AutoAlert's patents, as well as four pending petitions for CBM review.  The instituted CBM review of the '791 patent is based on (1) alleged indefiniteness with respect to the claim term "may affect whether it is favorable," and (2) alleged patent-ineligible subject matter under Section 101. (Docket No. 100-1, Exhibit A.)   The instituted CBM review of the '461 patent is based on (1) alleged indefiniteness of the claim term "may affect whether it is favorable," (2) alleged patent-ineligible subject matter under Section 101; and

1   (3) alleged lack of written description for the claim term "retrieving in real-time

2   changed information."   (Docket No. 108, Exhibit A.)   DealerSocket's four

3   pending CBM petitions raise the same grounds for invalidity as the grounds

4   instituted by the PTO on the '791 and '461 patents, except directed at

5   AutoAlert's '529, '099, and '752 patents.

6                    III.  **EX PARTE RELIEF IS APPROPRIATE**

7          *Ex parte* relief is necessary to avoid the growing expense and expenditure

8   of judicial and party resources in litigating issues simultaneously before the

9   PTO and in this Court.   Specifically, AutoAlert seeks to avoid the substantial

10  costs associated with opposing AutoBase's summary judgment motion on

11  invalidity under 35 U.S.C. §101, when the same issues are currently pending

12  before the PTO in multiple CBM proceedings.   AutoAlert's opposition to that

13  motion is due on November 14, 2014, and a regularly noticed motion would not

14  be decided in time to provide the relief AutoAlert requests.

15         In addition, the Court has not yet issued rulings on claim construction or

16  on Reynolds's motion for summary judgment of indefiniteness.   The CBM

17  proceedings also address common indefiniteness challenges, and, accordingly,

18  an immediate stay of the litigation will conserve the Court's resources.

19      **IV.  THE ACTION SHOULD BE STAYED PENDING THE PTO**

20                          **PROCEEDINGS**

21         Since the filing of this lawsuit, AutoAlert has been facing a series of

22  coordinated and relentless attacks on its patents in the PTO.   Between Dominion

23  and DealerSocket, *fourteen* PTO petitions have been filed.   AutoAlert has been

24  successful in obtaining dismissal of seven petitions, a remarkable achievement

25  given that the vast majority of such petitions have been granted.

26         When AutoAlert opposed Dominion's motion to stay in 2013, the IPR

27  petitions were merely filed and no review proceedings had been instituted.

28  Within just the past few weeks, however, the situation has changed significantly

because the PTO has now granted two CBM petitions filed by DealerSocket. The PTO's reasons for granting those two petitions applies to the remaining four DealerSocket petitions that will be decided within the next few months. Thus, it now appears highly likely that the validity of all five AutoAlert patents will be reviewed by the PTO.

Although AutoAlert would prefer to continue to pursue infringement of its patents in this Court, the reality is that the PTO has decided to review the validity of the asserted patents. And although it is rare for a patent owner to request a stay of its own litigation, it simply does not make sense for AutoAlert to expend resources defending its patents simultaneously in two forums. It also does not make sense for this Court to expend additional resources construing the patent claims or deciding the pending motions for summary judgment, which address issues that the PTO will now also be addressing.

In granting the Dominion Defendants previous motion to stay the case, this Court noted that "[t]here is a liberal policy in favor of granting motions to stay proceedings pending the outcome of USPTO reexamination or reissuance proceedings." *AutoAlert, Inc. v. Dominion Dealer Solutions, LLC*, No. SACV 12-1661-JST, 2013 WL 8014977, at *1 (C.D. Cal. May 22, 2013) (internal quotations omitted). Indeed, the America Invents Act ("AIA") expressly contemplates the stay of concurrent patent litigation during CBM review. AIA § 18(b). When a party seeks a stay to patent litigation pending CBM review Congress has provided that a court should consider the following four factors:

(1) whether a stay, or the denial thereof, will simplify the issues in question and streamline the trial;

(2) whether discovery is complete and whether a trial date has been set;

(3) whether a stay, or the denial thereof, would unduly prejudice the nonmoving party or present a clear tactical advantage for the moving party; and

/ / /

1   (4) whether a stay, or the denial thereof, will reduce the burden of

2   litigation on the parties and on the court.

3   AIA § 18(b)(1); *VirtualAgility Inc. v. Salesforce.com, Inc*., 759 F.3d 1307, 1309

4   (Fed. Cir. 2014).  Under this statutory framework "[i]t is congressional intent

5   that a stay should only be denied in extremely rare instances."  157 CONG.

6   REC. S1363 (daily ed. Mar. 8, 2011) (statement of Sen. Schumer).

7          The four-factor statutory structure and the traditional framework used by

8   courts to consider stays is similar, with the exception that the statutory structure

9   adds the fourth factor regarding whether a stay will reduce the burden of

10  litigation.  *See*, *Semiconductor Energy Lab. Co. v. Chimei Innolux Corp.,* No.

11  SACV 12-21-JST JPRX, 2012 WL 7170593, at *1 (C.D. Cal. Dec. 19, 2012).

12  **A.**     <u>**Granting A Stay Will Simplify The Issues In Question And**</u>

13          <u>**Streamline Trial**</u>

14          Here, all five patents-in-suit are either the subject of an instituted CBM or

15  a pending CBM petition.  One patent is also subject to an instituted IPR.   All

16  causes of action stem directly from those five patents.   As Dominion pointed

17  out when seeking a stay, courts have found that staying litigation pending a PTO

18  review is efficient for numerous reasons, including:

19          (i) gaining the benefit of the PTO's expertise;

20          (ii) alleviating discovery problems related to the prior art;

21          (iii) reducing the complexity and length of trial by relying on the record

22               of the reexamination;

23          (iv) limiting the issues, defenses, and evidence;

24          (v) possibly encouraging settlement; and

25          (vi) the possible dismissal of the suit if the patent is declared invalid.

26  *Pegasus Dev. Corp. v. Directv, Inc.*, No. CV-00-1020-GMS, 2003 U.S. Dist.

27  LEXIS 8052, *5-6 (D. Del. May 14, 2003).  These same factors apply equally to

28

the CBM and IPR context, and in this case all of the listed benefits will come to fruition with a stay.

The Court will be able to rely upon the expertise of the PTO in these matters.  The PTO employs trained experts who can objectively evaluate the patents and invalidity grounds asserted in the petitions. These experts understand the technology (without the assistance of subjective experts from the litigation), are experienced in determining whether the prior art invalidates any of the asserted claims, and can complete the invalidity analysis in a more cost effective and efficient manner than the Court.

This Court and the parties will also benefit from the outcome of the PTO proceedings even if the challenged claims are found to be valid by the PTO. Several of the issues before the PTO overlap with issues before this Court.   For example, the PTO will be considering alleged patent-ineligible subject matter under Section 101, an issue that is also the subject of a summary judgment motion filed by Autobase.   The PTO will also be considering alleged indefiniteness with respect to the claim term "may affect whether it is favorable," which is the subject of 110 Reynolds' motion for summary judgment on indefiniteness.  The PTO's expertise and ultimate decision on these issues will focus and simplify issues in the district court, and may encourage settlement because the parties will better understand the invalidity issues.

The PTO proceedings will undoubtedly simplify this case because their very purpose is to clarify the claims of the patents at issue and whether or not they are eligible for patenting.   Dominion identified these same factors in support of its earlier motion to stay, and they are equally relevant now.

**B.**     **This Action Is Not In A Late Stage, Favoring Grant Of A Stay**

A stay is appropriate here because even though this case was initially filed some time ago, the previous stay has kept this case in its early stages. Neither party has taken a deposition yet.   Fact discovery is scheduled to

continue for four more months to March 13, 2015, and expert discovery will not be complete until May 22, 2014.  (Docket No. 55).  While a trial date has been set in August 2015, that date is nearly a year away.

As Dominion pointed out when seeking a stay, this Court has repeatedly granted stay motions pending reexamination proceedings when actions were comparatively young.  *See*, e.g., *Symantec Corp. v. M86 Security, Inc*., No. 8:10-cv-01513 (motion filed Jan. 31, 2011; April 21, 2011 Order – Docket No. 23-2, Ex. G – at 2) ("the Court has yet to set dates for discovery, pre-trial motions, or trial, and the only discovery that has occurred thus far has been the parties' exchange of initial disclosures pursuant to Rule 26(f)");  *Inogen, Inc. v. Inova Labs, Inc.*, No. SACV 11–1692–JST, 2012 WL 4748803 (C.D. Cal. March 20, 2012) (defendant's Motion stating that Inogen had not sought a preliminary injunction, no discovery had been issued, no discovery was exchanged, no depositions were taken or scheduled, no subpoenas were severed, no protective orders were entered, the parties had not started work on claim construction nor had the Court schedule claim construction briefings or hearings, and no trial date was set, and the Court granting the stay despite the fact that "the parties just conducted their initial Rule 26(f) conference on February 23, 2012"); *see also Industry Access v. CoreLogic, Inc.*, No. 8:11-cv-00473 (motion filed Dec. 15, 2011; Feb. 28, 2012, Order – Docket No. 23-2, Ex. F) (parties' joint stipulation to stay proceedings granted despite the fact that the parties had exchanged initial disclosures, and a trial date was set by the court, as no significant discovery had taken place).

In *Semiconductor Energy Lab*., this Court found that this factor weighed in favor of a stay pending a series of the new IPR proceedings even though the case was "not in its infancy," as a trial date had been set and the parties had "expended considerable resources" on discovery.  2012 WL 7170593 at *5.

/ / /

1    Further, the parties will soon be spending considerable time, money, and

2 other valuable resources if no stay is granted as depositions and expert

3 discovery swing into action.   Reexamination provides "an inexpensive,

4 expedient means of determining patent validity which, if available and practical,

5 should be deferred to by the courts . . . especially where the infringement

6 litigation is in the early stages." *Softview Computer Prods. Corp. v. Haworth,*

7 *Inc.*, No. 97-cv-8815, 2000 U.S. Dist. LEXIS 11274, at *4-*5 (S.D.N.Y. Aug.

8 10, 2000) (granting stay pending PTO's determination on reexamination;

9 internal citations omitted).

10    While both the parties and this Court have done work in this case, the

11 potential for substantial future costs remains very high.   Accordingly, the

12 second factor favors granting a stay.

13 **C.    A Stay Will Not Cause Undue Prejudice Or Tactical Disadvantage To**

14       **The Dominion Defendants**

15    Here, the clear and obvious advantage of a stay is the added overall

16 efficiency to the case.   Any delay due to staying the case pending the PTO

17 proceedings will be no more burdensome or prejudicial on the Dominion

18 Defendants than the delays caused by their own conduct.   Dominion already

19 successfully stayed the case once pending their first round of failed IPR

20 petitions.  When those petitions were unsuccessful at the PTO, Dominion sought

21 to prolong the stay by refusing to jointly move to lift the stay.   Dominion has

22 now changed its tune with respect to a stay, but will suffer no undue prejudice

23 as a result of one.

24    If the requested stay is denied and the litigation proceeds parallel to the

25 PTO proceedings, there is a considerable likelihood that significant aspects of

26 the case may have to be re-litigated after the claims are modified; or, if all of the

27 asserted claims are cancelled during the IPR or CBMs, the entire case would be

28 unnecessary. *Bausch & Lomb Inc. v. Alcon Lab., Inc.*, 914 F. Supp. 951, 953

-11-

1   (W.D.N.Y. 1996) (if "this Court were to deny the stay and proceed to trial, it is

2   possible that the time, resources, and significant efforts of all those involved in

3   such a trial would be wasted").  In other words, if the Court allows this case to

4   move forward with respect to patents being reviewed by the PTO, then the

5   Court is taking a risk relating to its own judicial economy. The petitions could

6   result in cancellation of all of the asserted claims, and will likely at least affect

7   their breadth, scope and interpretation. It would be inefficient to construe the

8   terms of the patents, and then expend time, energy and resources to litigate them

9   while the PTO proceedings continue. Litigating the patents, when their claims

10  and terms will likely change due to the PTO proceedings, makes little sense.

11  *See Echostar Techs. Corp. v. TiVo, Inc.,* No. 05cv81, 2006 WL 2501494, at *4

12  (E.D. Tex. July 14, 2006) ("It would be an egregious waste of both the parties'

13  and the Court's resources if the Markman and summary judgment proceedings

14  went forward and the claims were subsequently declared invalid or were

15  amended as a result of the reexamination proceeding").

16        Dominion found this same rationale compelling in its previous motion to

17  stay, even before any PTO review had been instituted, and it is even more

18  compelling now where the PTO has decided to conduct a review and AutoAlert

19  has no objection to the stay.

20  **D.    A Stay Will Reduce The Burden Of Litigation On The Parties And**

21        **On The Court**

22        The fourth factor, whether a stay would reduce the burden of litigation,

23  largely overlaps with the first factor, but still must be considered separately.

24  *VirtualAgility*, 759 F.3d at 1313.  The addition of the fourth factor in effect

25  eases movant's task of demonstrating the need for a stay.  *Credit Acceptance*

26  *Corp. v. Westlake Servs., LLC*, No.  CV 13-01523 SJO MRNX, 2013 WL

27  7144391, at *2 (C.D. Cal. Dec. 30, 2013).  A stay will generally reduce the

28  burden of litigation on the parties and the courts.  *Credit Acceptance*, 2013 WL

1    7144391 at *6.

2          A stay here would clearly ease the burden of litigation on both parties and

3    the court.  The parties would avoid the unnecessary expense of litigating several

4    of the same issues on two fronts.  The court would avoid the risk of performing

5    duplicative work with the PTAB.  Further, should the PTAB invalidate one or

6    more claim, the burden of litigation following the CBM review could be greatly

7    reduced, or even eliminated.

8    **V.  IF A STAY IS NOT GRANTED, THEN, IN THE ALTERNATIVE,**

9    **THE HEARING ON AUTOBASE'S SUMMARY JUDGMENT MOTION**

10   **UNDER 35 U.S.C. §101 SHOULD BE CONTINUED**

11         As noted above, AutoAlert's opposition to AutoBase's motion for

12   summary judgment under 35 U.S.C. §101 for lack of patent eligible subject

13   matter (Docket No. 109) is due this Friday, November 14, 2014.  If the Court

14   declines to stay this action, then AutoAlert respectfully requests that the hearing

15   on AutoBase's motion be continued by two weeks to December 19, 2014, so

16   that AutoAlert's opposition would not be due until November 28.  This

17   continuance is necessary to allow AutoAlert to have sufficient time to oppose

18   the motion for summary judgment and to also take into account AutoAlert's

19   related Patent Owner Response that is due in December in the PTO on

20   DealerSocket's CBM challenges on the same issue.

21         On the morning of this filing, Henrik Parker sent an email to AutoAlert's

22   counsel indicating that a hearing on December 19, 2014, presents a personal

23   hardship for the involved counsel for the Defendants.  Mr. Parker did not

24   indicate the nature of the hardship or the identity of the attorney to which he was

25   referring.  Regardless, if the Court deems it necessary, AutoAlert is agreeable to

26   the Court continuing the hearing on AutoBase's motion for summary judgment

27   to a date later than December 19, 2014.

28   / / /

-13-

# VI.  <u>CONCLUSION</u>

For the reasons provided above, AutoAlert respectfully requests that the Court stay this lawsuit pending resolution of the seven pending PTO proceedings against AutoAlert's asserted patents.

Respectfully submitted,

KNOBBE, MARTENS, OLSON & BEAR, LLP

Dated: November 10, 2014     By:  */s/ David G. Jankowski*
                                   Craig S. Summers
                                   David G. Jankowski
                                   Cheryl T. Burgess

Attorneys for Plaintiff/Counterdefendant,
AUTOALERT, LLC

19295722

-14-